<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>


KENNETH T. VAIL,                      )
                                      )  Civil Action
              Plaintiff               )  No. 2002-CV-02933
                                      )
        vs.                           )
                                      )
HARLEYSVILLE GROUP, INC.,             )
                                      )
              Defendant               )


                         *   *   *


APPEARANCES:
        DONALD P. RUSSO, ESQUIRE
              On behalf of Plaintiff

        ANTHONY B. HALLER, ESQUIRE
              On behalf of Defendant

                     *   *   *

                 <u>O P I N I O N</u>


JAMES KNOLL GARDNER,
United States District Judge


        This matter is before the court on Defendant's Motion
to Dismiss Under Federal Rules of Civil Procedure 12(b)(6), which
motion was filed May 21, 2002.[1]  Plaintiff's Memorandum of Law in
Opposition to Defendant's Motion to Dismiss was filed June 10,
2003.  Upon consideration of the briefs of the parties and for

---

[1]    This case was originally assigned to our colleague United States
District Judge Petrese B. Tucker.  The case was transferred from the docket of
District Judge Tucker to our docket on December 19, 2002.

the reasons expressed below, we deny defendant's motion to dismiss.

This is an action for discrimination brought pursuant to the Age Discrimination in Employment Act ("ADEA")[2] (Count I), and the Americans with Disabilities Act ("ADA")[3] (Count II). Plaintiff Kenneth T. Vail is a resident of Bethlehem, Northampton County, Pennsylvania.  Defendant Harleysville Group, Inc., has offices located in Harleysville, Montgomery County, Pennsylvania.

This action is before the court on federal question jurisdiction.[4]  Venue is proper because there is general jurisdiction over the defendant in Pennsylvania and plaintiff avers in his Complaint that the facts and circumstances giving rise to his causes of action occurred in Montgomery County, Pennsylvania.[5]

Plaintiff commenced this action on November 2, 2001 by filing a Praecipe for Writ of Summons with the Prothonotary of the Court of Common Pleas of Northampton County, Pennsylvania. On November 6, 2001 the Prothonotary issued a Writ of Summons. On November 15, 2001 the Writ of Summons was served on defendant

---

[2]    29 U.S.C. §§ 621 to 634

[3]    42 U.S.C. §§ 12101 to 12213.

[4]    28 U.S.C. § 1331.

[5]    See 28 U.S.C. §§ 118 and 1391.

2

by the Northampton County Sheriff.[6]

On April 18, 2002 plaintiff filed his Complaint in the
Court of Common Pleas of Northampton County.  Defendant contends
that it received plaintiff's Complaint on April 26, 2002.

On May 16, 2002 defendant filed its Notice of Removal
pursuant to 28 U.S.C. § 1441(b).  Plaintiff has not contested
removal to this court.

In his Complaint, plaintiff avers that he was hired by
defendant on March 27, 2000 as a Loss Control Manager for the
Mid-Atlantic Region.  Plaintiff contends that he was terminated
by defendant on September 7, 2000.  Thereafter, plaintiff filed a
charge of discrimination with the Equal Employment Opportunity
Commission ("EEOC") alleging violations of the ADA and ADEA.  On
August 7, 2001 the EEOC issued a Notice of Dismissal and Right to
Sue Letter to plaintiff.

In its motion to dismiss, defendant contends that
plaintiff's claims are barred by the statute of limitations.
Defendant asserts that if plaintiff had brought his claims in
federal court, plaintiff would have been required to file a
complaint to commence the action, and would have had to serve
that complaint within 120 days pursuant to Federal Rule of Civil

---

[6]    Because neither party provided the court with the either the date
that the Writ of Summons was issued by the Prothonotary or the date that the
Writ of Summons was served on defendant, we requested and received a copy of
the docket entries from the Prothonotary of the Court of Common Pleas of
Northampton County, Pennsylvania.  A copy of the docket entries are attached
hereto and made a part of this Opinion.

Procedure 4(m).  Defendant avers that because plaintiff obeyed the state rules, which do not require the filing of a complaint to initiate an action, and not the federal rules in this properly removed action, plaintiff's Complaint is time-barred.

Defendant further contends that plaintiff's action should not be salvaged by the filing of the Praecipe for Writ of Summons filed in the Court of Common Pleas of Northampton County filed November 2, 2001 because the writ states no cause of action.  Moreover, the writ does not put defendant on notice of a federal cause of action pursuant to either the ADA or ADEA, rather than some inchoate state cause of action.  Based on the foregoing, defendant asserts that plaintiff's Complaint should be dismissed because plaintiff failed to bring his action within the 90-day statute of limitation.  Defendant contends that the failure forecloses plaintiff's right to sue.

Plaintiff counters that he properly initiated his lawsuit in Pennsylvania, under the Pennsylvania Rules of Civil Procedure.  He contends that Pennsylvania Rule of Civil Procedure 1007 permits him to initiate an action in Pennsylvania by filing a Praecipe for a Writ of Summons.  Moreover, he asserts that he is not required to file a complaint to initiate an action in Pennsylvania.  Therefore, plaintiff claims that he has satisfied the procedural requirement of initiating a lawsuit within the 90-day framework set forth in the EEOC's Right to Sue Letter.

4

For the following reasons, we agree with plaintiff.

## Standard of Review

A Rule 12(b)(6) motion to dismiss examines the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). In determining the sufficiency of the complaint, the court must accept all plaintiff's well-pled factual allegations as true and draw all reasonable inferences therefrom in favor of plaintiff. Graves v. Lowery, 117 F.3d 723, 726 (3d Cir. 1997).

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

Conley, 355 U.S. at 47, 78 S.Ct. at 103, 2 L.Ed.2d at 85. (Internal footnote omitted.) "Thus, a court should not grant a motion to dismiss 'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Graves, 117 F.3d at 726, citing Conley, 355 U.S. at 45-46, 78 S.Ct. at 102, 2 L.Ed.2d at 84.

Discussion

A prerequisite to filing suit under either the ADA or the ADEA is that a plaintiff must first file a charge of discrimination with the EEOC and must receive from the EEOC a notice of the right to sue.  A plaintiff then has 90 days after receipt of the notice in which to commence a civil action.  See 29 U.S.C. § 626(e); 42 U.S.C. §§ 2000e-5(f)(1)(A) and 12117(a). The 90-day filing period acts as a statute of limitations. McCray v. Corry Manufacturing Company, 61 F.3d 224 (3d Cir. 1995).

Federal and state courts have concurrent jurisdiction for claims brought under the ADA and ADEA.[7]  In the within matter, plaintiff chose to initiate his action in state court. Pursuant to Pennsylvania Rule of Civil Procedure 1007, an action may be commenced by the filing of a praecipe for writ of summons.[8]  However, the original process (the praecipe for writ of summons) will toll the 90-day statute of limitations for a period of time equivalent to the length of the initial statute of limitations only if a good faith effort is made to effectuate

---

[7]     Plaintiff cites no authority for this proposition.  However, our own research reveals that plaintiff is correct, and that claims under either the ADA or ADEA may be brought in either state or federal court.  See 29 U.S.C. § 626(c)(1) (ADEA); Jones v. Illinois Central Railroad Company, 859 F. Supp. 1144 (N.D. Ill. 1994) (ADA).

[8]     Pennsylvania Rule of Civil Procedure 1007 provides that "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint."

service of the writ.  <u>Lamp v. Heyman</u>, 469 Pa. 465, 366 A.2d 882
(1976).

This state law procedural rule has been recognized in
discrimination cases by federal courts sitting in Pennsylvania.
<u>See</u> <u>Deily v. Waste Management of Allentown</u>, No. 00-CV-1100,
2000 U.S. Dist. LEXIS 18205 (E.D. Pa. Dec. 19, 2000);
<u>Perry v. City of Philadelphia</u>,  No. 99-CV-2989,
1999 U.S. Dist. LEXIS 12915 (E.D. Pa. Aug. 17, 1999);  <u>Krouse v.
American Sterilizer Company</u>, 872 F. Supp. 203 (E.D. Pa. 1994).
Moreover, "compliance with the Pennsylvania procedural rule
satisfies the tolling requirement in cases removed to this
court."  <u>Perry</u>, 1999 U.S. Dist. LEXIS 12915 at *4.

In this case, the EEOC issued plaintiff a Right to Sue
Letter on August 7, 2001.  The presumption under the Federal
Rules of Civil Procedure is that plaintiff received the Right to
Sue Letter three days later on August 10, 2001.  See
Fed.R.Civ. P. 6(e).  Therefore, plaintiff had until November 8,
2001 to initiate a lawsuit alleging violations of the ADA and
ADEA.

Specifically, the Right to Sue Letter sent by the EEOC
to plaintiff stated in pertinent part:

> This will be your one and only notice of
> dismissal and of your right to sue that we
> will send you.  You may file a lawsuit
> against respondent(s) under federal law based
> on this charge in federal or state court.
> Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>**

> **from your receipt of this Notice;** otherwise
> your right to sue based on this charge will
> be lost. (The time limit for filing suit
> based on a state claim may be different.)

See plaintiff's Complaint, Exhibit A. (Emphasis in original.)

As noted above, plaintiff initiated an action in Pennsylvania by way of a Praecipe for a Writ of Summons on November 2, 2001. This fell within the 90-day period (ending November 8,2001) under federal law. Moreover, the Prothonotary issued a Writ of Summons on November 6, 2001 and the writ was served on defendant on November 15, 2001.

Defendant correctly states that plaintiff did not file his Complaint in state court until April 18, 2002, 254 days after the EEOC issued the Right to Sue Letter and over five months after the 90-day filing period elapsed. Nevertheless, under Pennsylvania procedural rules, a complaint is not required to initiate a lawsuit. Hence, we agree with plaintiff, disagree with defendant and conclude that plaintiff properly commenced this action in Pennsylvania state court prior to defendant removing this action to federal court.

Because plaintiff filed his praecipe for writ of summons in the Court of Common Pleas of Northampton County on November 2, 2001, we conclude this satisfied Pennsylvania Rule of Civil Procedure Rule 1007 relating to commencement of an action. Moreover, because the Prothonotary promptly issued the writ four

days later (on November 6, 2001), and the writ was served on defendant by the Sheriff on November 15, 2001, we conclude that plaintiff made the good faith effort to effectuate service required by Lamp, supra.  Accordingly, we conclude the filing of the praecipe for a writ of summons by plaintiff on November 2, 2001 tolled the statute of limitations.

Furthermore, the fact that plaintiff's praecipe for writ of summons did not notify defendant of the specifics of plaintiff's federal causes of action, and the fact that defendant did not learn those details until months later when plaintiff filed his Complaint, neither results in harm or prejudice to defendant, nor entitles defendant to a defense under the statute of limitations.

Pennsylvania Rule of Civil Procedure 1037(a) enables a defendant to file a praecipe requesting the prothonotary to enter a rule upon plaintiff to file a complaint within 20 days if an action is not commenced by the filing of a complaint. Thereafter, if a complaint is not filed within 20 days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros. Pa.R.C.P. 1037(a).  Accordingly, defendant had a powerful mechanism at its disposal to ensure the earlier filing of a complaint.

However, defendant did not take advantage of this

procedural option.  Rather, defendant waited until plaintiff filed a complaint in state court.  Defendant then removed this case to federal court.  It is not until defendant filed the within motion to dismiss on May 21, 2002, 200 days after plaintiff commenced this action, that defendant first complains that plaintiff did not file his Complaint earlier.

Because it is clear that defendant had a mechanism to require plaintiff to file a complaint in Pennsylvania state court and did not avail itself of the opportunity to do so, we reject defendant's contention that plaintiff's claims should be barred because defendant did not receive a complaint earlier.

For all the foregoing reasons, we deny defendant's motion to dismiss.  Defendant shall have until October 24, 2003 to file an answer to plaintiff's Complaint.

10