<u>IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
KENNETH T. VAIL,                )
                                )  Civil Action
          Plaintiff             )  No. 2002-CV-02933
                                )
     vs.                        )
                                )
HARLEYSVILLE GROUP, INC.,       )
                                )
          Defendant             )
```

                        *   *   *

APPEARANCES:
        DONALD P. RUSSO, ESQUIRE
            On behalf of Plaintiff

        ANTHONY B. HALLER, ESQUIRE
            On behalf of Defendant

                        *   *   *


<u>RULE 16 STATUS CONFERENCE ORDER</u>

NOW, this 16th day of, January, 2004, after status conference conducted by telephone with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel,

<u>IT IS ORDERED</u> that on or before February 26, 2004, all parties shall provide full and complete responses to the interrogatories and motions to produce documents propounded by each other.

<u>IT IS FURTHER ORDERED</u> that, except as otherwise provided below, all discovery shall be completed by April 30, 2004.

<u>IT IS FURTHER ORDERED</u> that plaintiff shall be precluded

from offering the testimony of expert witnesses at trial unless on or before April 30, 2004 plaintiff provides defense counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that defendant shall be precluded from offering the testimony of expert witnesses at trial unless on or before May 31, 2004 defendant provides plaintiff's counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that plaintiff Kenneth T. Vail shall submit to an independent medical examination to be conducted by a physician of defendant's selection at defendant's expense at a location within the boundaries of the United States District Court for the Eastern District of Pennsylvania, or such other place as may be agreed upon by the parties, on or before April 30, 2004. Plaintiff's counsel shall have the right to be present during the examination. Defendant shall be precluded from offering the testimony of the examining physician at trial unless on or before May 31, 2004 defendant provides plaintiff's counsel with the name, address, curriculum vitae and a signed, written report, of the physician, containing a summary of the examination, and the physician's observations, findings, conclusions, diagnosis, prognosis, treatment recommendations and opinions.

IT IS FURTHER ORDERED that all discovery motions, including motions concerning expert witnesses, shall be filed and served prior to the close of discovery. Any motions filed in violation of this Order may be deemed waived in the absence of good cause shown.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before June 15, 2004.

IT IS FURTHER ORDERED that all motions in limine shall be filed and served on or before August 23, 2004.

IT IS FURTHER ORDERED that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without prior leave of court. There shall be no reply briefs unless requested, or authorized, by the undersigned. Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

IT IS FURTHER ORDERED that any party filing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute. The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record. Failure to submit such a statement may

constitute grounds for denial of the motion.

      <u>IT IS FURTHER ORDERED</u> that any party opposing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  All factual assertions set forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth in this paragraph.

      <u>IT IS FURTHER ORDERED</u> that a jury trial of the within case shall commence before the undersigned on Monday, October 4, 2004 at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  This Order shall serve as a formal attachment for trial.

      BY THE COURT:


_____
James Knoll Gardner
United States District Judge