IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH T. VAIL | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 02-CV-2933 |
| HARLEYSVILLE GROUP, INC., | : | |
| Defendant. | : | |

**ANSWER TO AMENDED COMPLAINT**

Defendant, Harleysville, Inc. ("Harleysville"), by and through its attorneys, answers plaintiff's Amended Complaint as follows:

1. The allegations in Paragraph 1 of the Amended Complaint are admitted based upon information and belief.

2. The allegations in Paragraph 2 of the Amended Complaint are admitted.

3. The allegations in Paragraph 3 of the Amended Complaint are admitted.

4. Defendant admits that the plaintiff was terminated from his employment on or about September 7, 2000, The remaining allegations in Paragraph 4 of the Amended Complaint are denied.

**COUNT I**

5. Defendant incorporates by reference its answers to Paragraphs 1 through 4 of the Amended Complaint.

6.	Defendant admits that on Friday, June 2, 2000, plaintiff sustained a gun-shot injury.  The remaining allegations in Paragraph 6 of the Amended Complaint are denied.

7.	Defendant admits that on or about Monday, June 5, 2000 plaintiff notified Defendant that he had injured himself the previous Friday when he fell off a tower.  The remaining allegations in Paragraph 7 of the Amended Complaint are denied.

8.	Defendant admits that plaintiff began working from home on or about June 19, 2000, after ostensibly taking time off to recover from his injury.  The remaining allegations in Paragraph 8 of the Amended Complaint are denied.

9.	Defendant admits plaintiff represented that his injuries prevented him for some period of time from being able to work at his office.  The remaining allegations in Paragraph 9 of the Amended Complaint are denied.

10.	Defendant admits that it accommodated plaintiff by permitting him to work from his home for a period of time.  The remaining allegations in Paragraph 10 of the Amended complaint are denied.

11.	Defendant is, after reasonable investigation, without information and knowledge sufficient to form a belief as to the allegations in Paragraph 11 of the Amended Complaint which are accordingly denied.

12.	Defendant admits the plaintiff did not perform at a high level both before and after his injury.  Defendant specifically denies that plaintiff was performing at a high level before his alleged injury.  The remaining allegations in Paragraph 12 of the Amended Complaint are also denied.

13.	The allegations in Paragraph 13 of the Amended Complaint are denied.

14.	The allegations in Paragraph 14 of the Amended Complaint are denied.

15. The allegations in Paragraph 15 of the Amended Complaint are denied.

16. Defendant admits that in or about late August of 2000 plaintiff was supposed to begin working again directly from his office. The remaining allegations in Paragraph 16 of the Amended Complaint are denied.

17. Defendant admits that the plaintiff made a presentation at the Loss Control and Premium Audit Conference in Harrisburg, Pennsylvania. The remaining allegations in Paragraph 17 of the Amended Complaint are denied.

18. The allegations in Paragraph 18 of the Amended Complaint are denied.

19. Defendant admits that Mr. Weinstein informed plaintiff on more than one occasion that he was unhappy with his performance. The remaining allegations in Paragraph 19 of the Amended Complaint are denied.

20. The allegations in Paragraph 20 of the Amended Complaint are denied.

21. Defendant is, after reasonable investigation, without knowledge and information sufficient to form a belief as to the allegations in Paragraph 21 of the Amended Complaint which are accordingly denied.

22. The allegations in Paragraph 22 of the Amended Complaint are denied.

23. Defendant admits that the plaintiff was able without accommodation to perform the essential functions of his job but denies that he was meeting acceptable performance standards. The remaining allegations in Paragraph 23 of the Amended Complaint are denied.

24. The allegations in Paragraph 24 of the Amended Complaint are denied.

25. Defendant admits the plaintiff was provided a form severance agreement for his consideration which mistakenly referred to his termination as being the result of a reduction in

force.  Defendant avers that this mistake was promptly noticed and rectified by Defendant.  The remaining allegations in Paragraph 25 of the Amended Complaint are denied.

26. Defendant admits that the plaintiff was promptly informed about the mistaken reference in the severance agreement he had been provided.  The remaining allegations in Paragraph 26 of the Amended Complaint are denied as stated.

27. The allegations in Paragraph 27 of the Amended Complaint are denied.

28. The allegations in Paragraph 28 of the Amended Complaint are denied.

29. The allegations in Paragraph 29 of the Amended Complaint are denied.

30. Defendant admits that the plaintiff was physically able to perform the essential functions of his job without accommodation.  The remaining allegations in Paragraph 30 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are factual in nature, they are denied.

31. The allegations in Paragraph 31 of the Amended Complaint are denied.

32. The allegations in Paragraph 32 of the Amended Complaint are denied.

33. The allegations in Paragraph 33 of the Amended Complaint are denied.

34. The allegations in Paragraph 34 of the Amended Complaint are denied.

35. The allegations in Paragraph 35 of the Amended Complaint are denied.

WHEREFORE, the Defendant requests that the court enter judgment in its favor and against the plaintiff and award to defendant its costs, including reasonable attorneys' fees, and such other and further relief as the court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or part, because Defendant's actions were based upon legitimate business reasons unrelated to plaintiff's alleged disability.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief sought.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because of his failure to mitigate his alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendant was under no legal obligation to accommodate plaintiff, but nevertheless did accommodate his medical conditions and no request for accommodation beyond that granted was requested by plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendant did not regard plaintiff as disabled.

### SEVENTH AFFIRMATIVE DEFENSE

At all relevant times, the Defendant acted in good faith in regard to the plaintiff and had reasonable grounds for believing his actions were not in violation of any laws.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this answer or add additional affirmative defenses when they become known.

WHEREFORE, defendant, Harleysville Group, Inc., demands that the Complaint be dismissed and that judgment be entered in its favor together with an award of costs and reasonable attorneys' fees.

/s/ Anthony B. Haller, Esquire
Anthony B. Haller, Esquire
Julie E. Reid, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA  19103
(215) 569-5690

Attorneys for Defendant
HARLEYSVILLE GROUP, INC.

Dated:  June 25, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served a true and correct copy of Defendant, Harleysville Group, Inc.'s Answer to Amended Complaint by first-class, prepaid mail upon:

>Donald P. Russo, Esquire
>117 East Broad Street
>P.O. Box 1890
>Bethlehem, PA  18016-1890
>
>Susan Hutnik
>720 Washington Street
>Easton, PA  18042
>
>Vanessa M. Nenni
>117 East Broad Street
>Bethlehem, PA  18018
>
>Mickey K. Thompson, Esquire
>Thompson Law Offices
>115 East Broad Street
>Bethlehem, PA  `18018

>/s/ Anthony B. Haller
>Anthony B. Haller

Date:  June 25, 2004

120113.00201/21287386v1