# EXHIBIT "C"

120113.00201/21307911v4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH T. VAIL, : | |
| : | No. 02-CV-2933 |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| HARLEYSVILLE GROUP, INC., : | |
| : | JURY TRIAL DEMANDED |
| Defendant : | Electronically Filed |

**DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

Harleysville respectfully requests that a court-approved joint statement of the basic claims and defenses be read to the jury panel, and that neither parties' counsel should in voir dire be permitted to expound upon the facts of their case beyond that statement. Following the joint statement and Vail's voir dire, Harleysville proposes to ask the questions listed below. Harleysville reserves the right to supplement these questions before trial and after any pretrial rulings.

    **A.**    **General Background**

        1.    What is your full name?

        2.    Do you have any connection to Bethlehem and/or Harleysville, Pennsylvania?

        3.    Did you attend college and/or graduate school? If so, what college(s) and schools?

        4.    Please state your occupation. If married, please state your spouse's occupation. If you have grown children, please state their occupations.

    **B.**    **Parties**

        5.    The plaintiff's name is Kenneth T. Vail of Bethlehem, Pennsylvania. The defendant's name is Harleysville Group, Inc., which is located in Harleysville, Pennsylvania. Do

1

any of you have any personal knowledge regarding these parties, their employment relationship, or the facts of this case?

6. Have you, any member of your family, or anyone you know, ever had an experience of any kind with Harleysville or any of its products or services or been employees of Harleysville? If so, please explain. Do you know anyone who is an employee of Harleysville? If so, please explain.

7. Do you know any past or present employees of Harleysville? If so please identify the individual(s) concerned, state their position with Harleysville, if known, and describe the nature of your acquaintance with that individual.

C. **Attorneys**

8. Do any of you know, or have you ever been represented by or had any contact or association with any of the following lawyers: Donald P. Russo of the Law Offices of Donald P. Russo in Bethlehem, Pennsylvania representing the plaintiff? Susan Hutnik in Easton, Pennsylvania representing the plaintiff? Vanessa M. Nenni in Bethlehem, Pennsylvania representing the plaintiff? Mickey K. Thompson of Thompson Law Offices in Bethlehem, Pennsylvania representing the plaintiff? Anthony B. Haller or Julie E. Reid of Blank Rome LLP in Philadelphia, Pennsylvania representing the defendant? Donna M. Dever, Vice President and Associate General Counsel of Harleysville Group, Inc. in Harleysville, Pennsylvania? Christopher P. Barr, Counsel for Harleysville Group, Inc. in Harleysville, Pennsylvania? If so, please explain. Would this affect your ability to render a fair and impartial verdict in this case?

9. Has anyone been represented by or had any other contact or association with the Law Offices of Donald P. Russo, Thompson Law Offices or Blank Rome LLP or Pepper Hamilton LLP, or with any other lawyer affiliated with any of those offices? If so, please explain.

D. **Witnesses**

10. In addition to the plaintiff, Kenneth Vail, the following persons may be called as witnesses during the trial of this case: Dr. Mark Avart, Dr. Brian P. Sullivan, Dr. Jerome M. Staller, Gary Weinstein, Alice Geckeler, Catherine Strauss, Dave Bond, Donna Dever, Craig Campbell, Dennis Putthoff, John Strouse, John Diehl, Ann Dymond, Robert P. Griffith, Gary Gillespie, Jerry Walker, Scott Welch, Ed Dornbach, Jim Frantz, Robert Pantaleo, Frank (Ted) Semetkoskey, David Thompson, Bill Cassell, Carly Jespersen, Dennis Hyland, Albert Wagner, Mary Genevieve (Jenny) Hill-Ludwig, Luanne Arcaro, Carrie Hrichak, Beth Pretti, Brian Boyle, Dr. Charles Davis, Dr. J. Spence Reid, the Custodian of Records at St. Luke's Hospital and Health Network, the Custodian of Records at Lehigh Valley Home Care, the Custodian of Records at Muhlenberg Hospital Center, and the Custodian of Records at Milton S. Hershey Medical Center  Are you, any member of your family, or anyone you know related to any of these witnesses, or do you know them in any way?

2

11. Has anyone served as a juror or witness in any case involving any of these parties, attorneys or witnesses?

**E.    Corporate Bias**

12. Harleysville Group, Inc. is an insurance company. Does anyone have negative feelings about insurance companies? Have you or any member of your family ever had a dispute with an insurance company? If so, would this affect your ability to judge this case solely on the basis of the evidence presented at trial?

13. A corporation under the law is treated the same as an individual, and has the same rights. Does anyone think the company should be held to a higher standard than the individual? Does anyone think they would have a tendency to award damages to Mr. Vail just because Harleysville is a company and the plaintiff is an individual? Are you willing to give the same consideration to Harleysville and to the witnesses called by Harleysville as you give to the plaintiff and his witnesses?

14. Does anyone believe that just because a suit has been brought, the defendant is probably liable for something?

**F.    Employment Experience**

15. Where do you work (if unemployed or retired, where did you work)?

16. How long have you worked there?

17. What are your major duties or responsibilities?

18. What jobs have you held in the past?

19. How, in general, have you viewed your employers?

20. Has anyone ever worked in the insurance industry? If so, please describe the nature of that job.

21. Have you or anyone you know (close friend, family member, co-worker) ever been terminated or laid off by an employer under circumstances you believe were unfair? If yes, would this affect your ability to be a fair and impartial juror in this case?

22. Have you ever been responsible for supervising, hiring or firing employees?

3

23. Have you or has any one you know ever been terminated, dismissed, fired or asked to resign from a job? If so, please explain. If yes, what type of business, when and where? If yes, would this affect your ability to be a fair and impartial juror in this case?

24. Has anyone ever had to fire or lay off someone?

25. Does anyone not understand the concept of at-will employment that exists in Pennsylvania – that a person may be terminated by an employer at any time with or without reason, fairly or unfairly, so long as it is not a reason prohibited by law? Does anyone disagree with this principle?

26. Have you ever been in or represented by a union? If yes, which union? Do you participate on any committees or hold any office?

27. Have you or anyone you know ever been employed by or been involved in any matter with any private or government firm, agency or organization that investigates, processes, represents parties to, judges or otherwise deals with claims of discrimination or civil rights matters? If so, please explain.

**G.    Experience with Legal System**

28. Does anyone have any legal training or experience, whether as a lawyer, a legal assistant, a paralegal, a legal secretary, or any other capacity? If so, please describe the nature of your training and/or experience, as well as the nature of the practice in which you engaged or with which you have been associated.

29. Has anyone sued anyone or been sued? (Get details). Have you ever hired an attorney for any reason? Is there anything about that experience that has given you negative feelings about the judicial system?

30. Has anyone ever been a witness in court or in a deposition? Is there anything about that experience that has given you negative feelings about the judicial system?

31. Has anyone ever been a juror in a trial? If yes, how many were criminal trials? How many were civil trials? If you were a juror in a civil trial, what types of trial(s)? If you were a juror in a civil trial, did the jury deliberate in the trial(s)? Did the jury reach a verdict in any of the matters? If yes, what was the verdict? Were you ever the foreperson?

**H.    Disability Discrimination**

32. The law distinguishes on the one hand between serious illness and injury, often called short term disabilities, which are temporary in nature and from which people can recover to have a normal existence, and, on the other hand, a legal disability which means that someone is permanently and impaired in a way which substantially limits their daily life activities. Would anyone have difficulty applying this distinction in this case?

4

33. Just because someone cannot do everything they did before an illness or injury does not make them legally disabled. Is there anyone who thinks they will have difficulty putting aside any sympathy they may feel for someone who had a serious injury or illness but is not legally disabled?

34. Have you or has anyone close to you ever filed a claim for disability benefits? If so, would this have any impact on the way you view this case?

35. Do you or does anyone close to you suffer from any kind of permanent disability? How has this affected your or their ability to work? Would this affect your evaluation of this case?

36. Have you, any member of your family, or anyone you know ever had an injury or illness that has kept you or them out of work for some time? Would this affect your evaluation of the evidence in this case?

37. In order to be regarded as disabled under the Americans with Disabilities Act, an employer must perceive that an individual is actually disabled under the law, that is having a permanent injury that substantially limits one or more major life activities. An employer does not regard an individual as disabled simply if they recognize that the individual has an illness or injury requiring some, even significant, recuperation time and that in the process the individual may be limited in certain activities. Would anyone have difficulty making that distinction?

38. If the evidence were to establish that the plaintiff were treated in a way he believes was unfair, but that the treatment was not based on disability discrimination, would you be able to render a verdict in favor of the defendant?

39. Have you, any member of your family, or anyone you know ever participated in a sporting gun event, or collected or used guns for any purpose? If yes, would this experience prevent you from rendering a fair and impartial verdict in this case?

40. People with disabilities are judged on the same performance standards at work, and their actions and/or inactions have the same consequences as people who are not disabled. Would that prove difficult to anyone?

41. Employers in some circumstances may need to provide reasonable accommodations to individuals with disabilities, but this obligation does not apply to people with illnesses or injuries that do not constitute disabilities under the law. Would anyone have difficulty making that distinction as required by law?

42. Reasonable accommodations are made to individuals only to overcome their limitations, and it does not change the standards by which they are judged at work, nor does

5

it mean that they are entitled to different performance standards as others. Would you have a problem applying the company's performance standards to someone with a disability?

43. Have you or any member of your family ever felt that they were a victim of employment discrimination in any form, whether on the basis of race, color, sex, age, religion, national origin, or disability? Would this experience prevent you from rendering a fair and impartial verdict in this case?

44. Has anyone ever filed any type of charge or complaint with a government agency, court or other entity, involving a claim that they had been discriminated or retaliated against in any way, whether or not related to employment? If so, please explain.

45. Has anyone been involved in a reorganization or restructuring of a company or a unit? Is there anyone who thinks its wrong for an employer to want to achieve results quickly and expect that its managers and leaders can accomplish that?

46. Is there anyone who has been responsible for evaluating other employees' performance? Is there anyone who thinks it is wrong for an employer to use email communication as a means to set forth criticisms and expectations, rather than employing a more formal probation period, or progressive discipline plan?

47. Does anyone have experience with problems in the workplace associated with the employees in a small unit or team environment who do not care for their manager? Does anyone not recognize that this kind of atmosphere can have a negative effect on morale? Is there anyone who is unable to distinguish between a concern for employee morale versus unlawful discrimination?

48. Does anyone have difficulty with the idea that a manager who is rude to and belittles subordinate employees may have to be let go by their employer to rebuild employee morale and prevent the subordinates from leaving the company?

49. Does anyone have difficulty with the idea that an employer has the right to make business judgments that you may disagree with so long as they are not based on discrimination?

50. Does anyone have a problem with a company giving greater job protection to long service employees than those who have been employed only a short time?

51. Does anyone think they might be tempted to substitute their own views of appropriate business practices for the business practices of the defendant? Does anyone think they would not be able to make a decision in this case based on whether there is discrimination as opposed to whether they agree with company policies or business practices?

120113.00201/21307911v4

52. Having heard the description of this case, does anyone think they would have any personal feelings or views that would prevent them from rendering a fair and impartial verdict in this case?

53. In a case like this, it is the plaintiff's burden to prove not only that his injury constituted an actual "disability" protected by law, or that the company regarded him as disabled under the law, but also that the company intentionally discriminated against him on the basis of his alleged disability. Is there anyone who is unwilling to base their decision solely on the evidence and to return a verdict for Harleysville if the plaintiff fails to prove his case?

**I.  Willingness To Follow Oath**

54. Is there anyone who thinks they will be swayed simply by feelings of sympathy for the plaintiffs? Is there anyone who is unwilling to listen to the evidence and judge the case solely on the evidence presented?

55. Is there anyone who thinks that just because someone sues, they should be entitled to something? Has anyone experienced or been the victim of an unfounded lawsuit against them?

56. In your deliberations, are you willing to abide by your convictions and not agree with other jurors solely for the sake of being congenial if you are convinced that the opinions of the other jurors are not correct?

57. Can you state without reservation that you are willing to apply the Court's instructions as to the law and not substitute any ideas or notions of your own as to what you think the law should be, even if you happen to disagree strongly with the fairness or propriety of any rule of law as to which the Court may instruct you?

58. An important part of a juror's commitment is to avoid being guided by sympathy? Can you set aside any emotional responses you may have to this case?

59. Does anyone have any physical impairment that would prevent them from serving on this jury?

60. Does anyone have any family or other obligation that would prevent them from serving on this jury?

61. This trial may last for several days. In a case like this one, the plaintiff puts on his evidence first, and the defendant goes second. Do you feel that by the time it is the defendant's turn to put on its evidence, you will still be able to give that evidence the same full, fair and impartial attention you will have given to the plaintiff's case?

7

      62.    Is there anyone here who believes there is anything at all about themselves or their background that they know or suspect might influence their views of this case and which we should have asked you but did not?

                                  Respectfully submitted by:

                                  BLANK ROME LLP

                                /s/ Anthony B. Haller
                                Anthony B, Haller, Esquire (PA 37017)
                                Julie E. Reid, Esquire (PA 89848)
                                One Logan Square
                                Philadelphia, PA 19103
                                (215) 569-5690
                                (215) 832-5690 (facsimile)

                                Attorneys for Defendant
Dated: August 30, 2004           Harleysville Group, Inc.