IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH VAIL | : | |
| | : | NO. 02-CV-2933 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HARLEYSVILLE GROUP, INC. | : | |
| | : | |
| Defendant. | : | |

### PLAINTIFF'S TRIAL MEMORANDUM

A.  **LIST OF EXHIBITS TO BE USED AT TRIAL**

**Exhibit**

1. A complaint filed by Kenneth and Pamela Vail against Peter T. Gill on May 29, 2002.

2. A General Release signed by Kenneth and Pamela Vail relating to the aforementioned complaint.

3. Plaintiff's First Set of Requests for Admission Addressed to Defendant Harleysville Group, Inc.

4. Defendant's Responses to Plaintiff's First Set of Requests for Admission

5. Plaintiff's First Set of Interrogatories Addressed to Defendant Harleysville Group, Inc.

6. Defendant's Responses to Plaintiff's First Set of Interrogatories.

7. Letter dated September 7, 2000 to Plaintiff from Defendant.

8. Release and Severance Agreement between Kenneth Vail and Harleysville Group, Inc.

9. Harleysville Group's Home Office Listing as of September 6, 2000.

10. Letter dated June 22, 2000 to Plaintiff from Defendant.

11. Email from Gary Weinstein to Kenneth Vail dated July 20, 2000.

12. Email from Skip Gochenour to Gary Weinstein dated June 13, 2000.

13. Email from Gary Weinstein to Jenny HillLudwig and Alice Geckeler dated June 14, 2000.

14. Email from Gary Weinstein to Kenneth Vail dated June 14, 2000.

15. Email from Kenneth Vail to Dave Thompson, Edward Dombach, Frank Semetkoskey, Gary Gillespie, Jerry Walker, Jim Frantz, John Diehl, Robert Griffith, Robert Pantaleo, Scott Welch, Carly Jespersen, Gary Weinstein, Craig Campbell, William Cassell, and Albert Wagner dated June 19, 2000.

16. Email to Kenneth Vail from Gary Weinstein dated June 22, 2000.

17. Email to Luanne Arcaro from Kenneth Vail date September 6, 2000.

18. A facsimile transmission from Luane Arcaro to Donna Harns regarding a permission slip from Kenneth Vail's doctor stating that he may return to work on 8/21/00.

19. Email from Jenny HillLudwig to Kenneth Vail dated July 13, 2000.

20. Email from Jenny HillLudwig to Kenneth Vail dated July 6, 2000.

21. A series of emails dated June 26, 2000 and June 27, 2000 between Jenny HillLudwig and Kenneth Vail.

22. Correspondence to Gary Weinstein from Kenneth Vail discussing the progress of his recovery from his injury.

23. Email from Luanne Arcaro to Kenneth Vail dated August 8, 2000.

24. Email from Kenneth Vail to Gary Weinstein dated August 10, 2000.

25. Email from Gary Weinstein to Carly Jespersen dated June 27, 2000.

26. Email from Kenneth Vail to Gary Weinstein and Carly Jespersen dated August 4, 2000.

27. Email from Kenneth Vail to Jenny HillLudwig, Alice Geckeler, and Gary Weinstein dated June 26, 2000.

28. Email from Gary Weinstein to Jenny HillLudwig dated July 6, 2000.

29. Email from Kenneth Vail to Gary Weinstein and Alice Geckeler dated June 22, 2000.

30. Email from Kenneth Vail to Gary Weinstein and Alice Geckeler dated June 14, 2000.

31. Email from Kenneth Vail to Alice Geckeler dated June 14, 2000.

32. Email from Kenneth Vail to Gary Weinstein and Alice Geckeler dated June 14, 2000.

33. Two emails between Kenneth Vail and Gary Weinstein dated August 4, 2000.

34. Series of emails between Kenneth Orner and Kenneth Vail dated June 9, 2000 and June 16, 2000.

35. Supplementary Disability Record for Kenneth Vail from Harleysville Insurance Companies dated September 7, 2000.

36. Series of email between Kenneth Vail and Jenny HillLudwig, Gary Weinstein and Alice Geckeler datedc June 26, 2000, July 7, 2000 and July 9, 2000.

37. Series of emails between Alice Geckeler, Gary Weinstein, Jenny HillLudwig and Kenneth Vail dated June 26, 2000, July 7, 2000, July 9, 2000, and July 10, 2000.

38. A document regarding Kenneth Vail's request for Family Medical Leave dated June 22, 2000.

39. Series of emails between Kenneth Vail and Jenny HillLudwig dated June 26, 2000 and June 27, 2000.

40. Series of emails between Kenneth Vail and Gary Weinstein dated July 20, 2000 regarding Vail's recovery from his injury.

41. Series of emails between Kenneth Vail and Gary Weinstein, Jenny HillLudwig, and Alice Geckeler dated July 7, 2000, July 9, 2000, and July 10, 2000.

42. Plaintiff also reserves the right to use for trial purposes any document listed in Defendant's Trial Memorandum.

     **B.**    **EXPERT WITNESSES** – Plaintiff does not intend to call any expert witnesses at trial.

     **C.**    **NAME AND ADDRESS OF EACH FACT WITNESS TO BE CALLED AT TRIAL**

1. Kenneth Vail, 4513 Greenfield Road, Bethlehem, Pennsylvania 18017-9189. Plaintiff will offer testimony about his qualifications for the job in question, the discriminatory nature of the adverse job actions taken by the Defendnat, and the damages he has incurred as a result of these actions by the Defendant.

2. Gary Weinstein, 2152 Ore Creek Lane, Brighton, MI 48114. Plaintiff will call Mr. Weinstein as of cross-examination, to question this witness about the reasons for the adverse job actions taken against the Plaintiff, in order to reveal for the jury that the alleged non-discriminatory reason given by the Defendant for the actions taken is in fact nothing more than a pretext for unlawful discrimination, or, that discrimination was a motivating factor in the action thus taken.

3. Alice Geckeler, 355 Maple Avenue, Harleysville, Pennsylvania 19428-2297. Plaintiff will call Ms. Geckeler as of cross-examination, to question this witness about the reasons for the adverse job actions taken against the Plaintiff, in order to reveal for the jury that the alleged non-discriminatory reason given by the Defendant for the actions taken is in fact nothing more than a pretext for unlawful discrimination, or, that discrimination was a motivating factor in the action thus taken.

     **D.**    **ITEMIZED STATEMENT OF PLAINTIFF'S DAMAGES**

Plaintiff is seeking economic damages as well as non-economic damages in the form of compensatory and punitive damages. Plaintiff's back pay and front pay claims are quantifiable, based on the rate of salary paid for the position in question, as reflected

in W-2 statements as well as the Defendant's policies. Plaintiff's non-economic damage claims are of an unliquidated nature, but his federal claims are subject to statutory caps.

      E.      **STATEMENT OF ANTICIPATED SIGNIFICANT AND/OR UNIQUE LEGAL AND PROCEDURAL ISSUES**

Plaintiff is seeking a "mixed motives" jury charge. See Costa v. Desert Palace, Inc., 299 F. 3d 838, 850-51 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002). Moreover, Plaintiff does not need to elicit the testimony of a forensic economist to reduce economic damages to present value. See Maxfield v. Sinclair Int'l, 766 F.2d 788, 796 (3d Cir.1985), cert. denied, 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986); Conway v. Hercules Inc., 831 F.Supp. 354, 358, N.6 (D.Del. 1993).

      F.      **NAMES AND ADDRESSES OF ALL PARTIES WHEN THE CAUSE OF ACTION AROSE AND PRESENTLY**

      1.      Kenneth T. Vail, Plaintiff
                 4513 Greenfield Road
                 Bethlehem, PA 18017

      2.      Harleysville Group, Inc.
                 355 Maple Avenue
                 Harleysville, PA 19428-2297

**G.    NAMES, ADDRESSES, PHONE NUMBERS OF TRIAL COUNSEL JESSICA, ANOTHER SELF EVIDENT ONE**

1. Donald P. Russo, Esquire
   Attorney for Plaintiff
   117 East Broad Street
   P.O. Box 1890
   Bethlehem, PA 18016-1890
   (610) 954-8093

2. Anthony B. Haller, Esquire
   Lead Trial Counsel for Defendant
   Julie E. Reid, Esquire
   Assistant Trial Counsel for Defendant
   BLANK ROME, LLP
   One Logan Square
   Philadelphia, PA
   (215) 569-5500

**H.    PROPOSED VOIR DIRE QUESTIONS**

1. Have you ever been in a jury selection process before? If so, please describe.

2. Are you employed? If so, by whom and for how long?

3. Have you ever had hiring or firing authority in your job? If so, please describe that authority.

4. Have you ever been involved in any respect in making policies for a company? If so, please describe.

5. Have you or anyone in your family ever been a defendant or plaintiff in a court case? If so, please describe.

6. Have you ever had anyone make a formal claim, outside of the court system, against you or a member of your family? If so, please describe.

7. Have you ever sat in a jury case before? If so, what kind of case? Did you reach a verdict? Would your experience in that case influence you here?

8. Have you ever testified as a witness in a case? If so, please describe.

9. Do you know any of the witnesses who have been named? If so, please describe how you know him or her.

10. Do you have or have you had any business or employment connection with the Defendant? If so, did the experience make you feel either favorable or unfavorable to the Defendant?

11. Are you a relative, friend, or acquaintance of any of the employees, officer, or directors of the Defendant?

12. This is a civil case, so the employee must prove his case by a preponderance of the evidence. Does that term mean anything to you? If so, please describe.

13. If you have heard that term before, will you still carefully follow the court's instructions on what it means?

14. Will the projected length of trial pose any hardship to you? If so, how?

15. If the Plaintiff proves his case, you must consider compensation of damages. Would you consider every element of compensation of damages that the court submits to you?

16. Do you have any personal beliefs, that there is a limit to what an individual should have as a money award, despite the damages that are proved? If so, please tell us about it.

17. Have you or anyone in you family ever felt that you were being treated less favorably in the workplace because of your age? If so, please describe.

18. Do you have any feelings toward these parties, or the attorneys, or this kind of an employment discrimination case that would affect your ability to be fair and impartial?

19. Is there anything about the nature of this case or about the people involved in it that makes you hesitate to be a juror here?

20. Do you think that job performance evaluations are generally made impartially or that they may depend substantially on the nature of the relationship between the supervisor and the employees being evaluated? If the latter, please describe.

21. What happens if you receive a bad performance review?

7

22. Do you have any close personal friends of relatives who are managers?

23. Do you know if this manager has the power to hire, fire, and discipline people?

24. Do you think that managers are ever wrong in these types of decisions?

25. Has this person ever talked to you about a situation where [she/he] had to discipline or fire someone? If so, tell us about it.

26. In a case involving a dispute between a manager and an employee, do you have any tendency to believe or find more credible the employee or the supervisor?

27. Do you know that it is against the law for an employer to allow discrimination in the workplace?

28. Why do you think we have these laws?

29. What kinds of behavior or treatment do you consider discrimination?

30. What do you think that an employee who believes he is being discriminated against should do?

31. Some people think that lawmakers have gone too far in making laws that regulate how employees are treated based on their age. What do you think about this issue?

32. Do you think that an employer should be responsible for the discriminatory acts on the part of its employees?

33. Do you think that people in management would lie about events to protect themselves of their employees?

34. In this case, Plaintiff claims that he was terminated because of age discrimination. Do you think it is possible for something like this to happen in the workplace?

35. If someone says to you that he or she suffered real emotional distress over being out of work, would you have a tendency to believe or disbelieve that?

36. Have you ever been so angry or so upset that you had physical symptoms?

37. Do you think it is fair to make the employer pay for the emotional and physical injury a person has suffered if that employee reacts more severely than the average person?

38. Do you believe that an employer should be liable for the actions of its supervisors and managers who cause emotional distress in employees, even if the employee never told upper management about the mistreatment?

39. Do you believe that an employer should be liable for the actions of its supervisors and managers who cause emotional distress in employees, even if the employee never told upper management about the mistreatment?

40. Would you have a problem awarding substantial compensation for emotional pain and mental anguish without regard to the size of any wage loss?

41. If the court instructed you that if you found the Defendant liable you may award compensation for the Plaintiff's resulting loss of enjoyment of life, is there anything in your experience or perspective that would impact your ability to award damages for this loss?

I. **PROPOSED VERDICT SLIP**

Question No. 1.   Did Ken Vail prove by a preponderance of the evidence that Harleysville Insurance Co. discriminated against him by wrongfully terminating him in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. ¶ 12101 et. Seq.?
Yes.   _____
No.    _____

If you answer "Yes" to Question No. 1, proceed to Question No. 2. If you answer "No" to Question No.1, then go to Question 5.

Question No. 2   What amount of money, if paid now in cash, do you award Ken Vail for being wrongfully failing to hire him in violation of the ADA? Compensatory damages include emotional suffering, mental anguish, inconvenience and/or loss of capacity for enjoyment of

9

      life.  You may not include or consider "back pay" in determining the amount of compensatory damages.

      Compensatory damages, if any: $_____

Proceed to Question No. 3.

Question No. 3  What amount of back pay, if paid now in cash, do you award Ken Vail for being wrongfully discharged from his position in violation of the ADA?

      Back pay, if any: $_____

Proceed to Question 4.

Question No. 4.

What amount of punitive damages do you award Ken Vail for being wrongfully discharged in violation of the ADA?

Punitive Damages: $------------------

Proceed to Question 5.

Question No. 5.  Did Ken Vail prove by a preponderance of the evidence that Harleysville Insurance Company discriminated against him by wrongfully terminating him, in violation of the Pennsylvania Human Relations Act?

      Yes. _____
      No. _____

If you answer "Yes" to Question No. 5, proceed to Question No. 6.  If you answered "No" to Question No. 5, then stop.

10

Question No. 6.

What amount of money, if paid now in cash, do you award Ken Vail for Harleysville insurance co.'s terminating him in violation of the Pennsylvania Human Relations Act? Compensatory damages include emotional suffering, mental anguish, inconvenience and/or loss of capacity for enjoyment of life. You may not include or consider "back pay" in determining the amount of compensatory damages.

      Compensatory damages, if any: $_____

Proceed to Question 7.

Question 7

What amount of back pay, if paid now in cash, do you award Ken Vail for Harleysville insurance Co.'s terminating him in violation of the Pennsylvania Human Relations Act?

      Back pay, if any: $_____

By the jury:

Foreperson:

                    Respectfully submitted,


                    __s/Donald P. Russo_____
                    Donald P. Russo, Esquire
                    117 East Broad Street
                    P.O. Box 1890
                    Bethlehem, PA 18016-1890
                    (610) 954-8093
                    Attorney I.D. #25873

Case 2:02-cv-02933-JKG   Document 27   Filed 09/01/2004   Page 12 of 13

**CERTIFICATE OF SERVICE**

I, Donald P. Russo, hereby certify that on this date I served a true and correct copy of the within Plaintiff's Trial Memorandum upon opposing counsel, via United States first class mail, postage pre-paid, addressed as follows:

Anthony B. Haller, Esquire
Julie E. Reid, Esquire
BLANK ROME, LLP
One Logan Square
Philadelphia, PA 19103

Dated: September 1, 2004                          s/Donald P. Russo
                                                  DONALD P. RUSSO, ESQUIRE
                                                  Attorney for Plaintiff