## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH VAIL                          :
                                      :        NO.  02-CV-2933
            Plaintiff,                :
                                      :
                                      :
      v.                              :
                                      :
HARLEYSVILLE GROUP, INC.              :
                                      :
            Defendant.                :

### PLAINTIFF'S JURY INSTRUCTIONS

### INSTRUCTION NO. 1

The law regarding this case is contained in the instructions I will give you. You must consider the Court's instructions as a whole, not picking out some instructions and disregarding others.

It is your duty to resolve this case by determining the facts and following the law given in the instructions. Your verdict must not be based upon speculation, prejudice, or sympathy. Each party, whether a corporation or an individual, should receive your same fair consideration.

You will decide what facts have been proven. Facts may be proven by evidence or reasonable inferences drawn from the evidence. Evidence consists of the testimony of witnesses and of exhibits admitted by the court. You should consider all the evidence without regard to which party produced it. You may use common sense gained from your experiences in life in evaluating what you see and hear during trial.

You are the only judges of the credibility of the witnesses. You will decide the

weight to be given to the testimony of each of them. In evaluating the credibility of a witness you may consider that witness' ability and opportunity to observe, memory, manner, interest, bias, qualifications, experience, and any previous inconsistent statement or act by the witness concerning an issue important to the case.

An opening statement is what an attorney expects the evidence will be. A closing argument is given at the conclusion of the case and is a summary of what an attorney contends the evidence has shown. If any statement or argument of an attorney is not supported by the law or the evidence you should disregard that statement.

Submitted by Plaintiff

___ Withdrawn        ___ Given        ___ Given as Modified        ___ Refused

**<u>INSTRUCTION NO. 2</u>**

Now that the evidence has concluded, I will further instruct you as to the law and your duties. I have not meant to indicate any opinion as to the facts of this case by any of my rulings, remarks, or instructions.

Submitted by Plaintiff

___ Withdrawn          ___ Given          ___ Given as Modified          ___ Refused

## INSTRUCTION NO. 3

When you retire to the jury room you will first select a foreperson. He or she will

preside during your deliberations.

Your verdict must be unanimous.


Submitted by Plaintiff

___ Withdrawn          ___ Given          ___ Given as Modified          ___ Refused

**INSTRUCTION NO. 4**

In considering the evidence in this case you are not required to set aside your own observation and experience in the affairs of life but you have a right to consider all the evidence in light of your own observation and experience in the affairs of life.

Submitted by Plaintiff

___ Withdrawn        ___ Given        ___ Given as Modified        ___ Refused

## <u>INSTRUCTION NO. 5</u>

A fact may be proved by circumstantial evidence. Circumstantial evidence consists of the proof of facts or circumstances which leads to a reasonable inference of the existence of other facts sought to be established.

Submitted by Plaintiff

___ Withdrawn        ___ Given        ___ Given as Modified        ___ Refused

## <u>INSTRUCTION NO. 6</u>

If you find for the plaintiff on any claim you shall not speculate about or consider any possible sources of benefits the plaintiff may have received or might receive.  After you have returned your verdict, the court will make whatever adjustments are necessary in this regard.


Submitted by Plaintiff

___ Withdrawn        ___ Given        ___ Given as Modified        ___ Refused

## **INSTRUCTION NO. 7**

The purpose of the Americans with Disabilities Act is to eliminate employment discrimination against individuals with disabilities. The Act makes it unlawful for an employer intentionally to discriminate against an employee because of the person's disability. The Act also requires an employer to make reasonable accommodations to an employee's disability, so long as such accommodation does not impose an undue hardship on the operation of the business.

In this case, Plaintiff contends that he was unjustifiably terminated by Defendants because of his disability, after being harassed by the Defendants because of his disability. The plaintiff further contends that with reasonable accommodation, he could have performed the essential functions of his job.

The defendants deny that it unjustifiably terminated Plaintiff, and claims that Plaintiff was discharged for poor work performance before it was aware he had a disability.  Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12112

Submitted by Plaintiff

___ Withdrawn        ___ Given        ___ Given as Modified        ___ Refused

**<u>INSTRUCTION NO. 8</u>**

On his claim that Defendant failed to fulfill its obligation under the Americans with Disabilities Act to reasonably accommodate an employee with a disability, the Plaintiff has the burden of proving each of the following propositions by the greater weight of the evidence:

> (1) While still an employee of the Defendant, he informed the defendant of his disability and requested a reasonable accommodation of additional time off for medical leave and for surgery; and

> (2) Defendant failed to engage in an interactive process to determine and provide the appropriate reasonable accommodation under the circumstances.

Americans with Disabilities Act, 42 U.S.C. § 121112

*Gile v. United Airlines, Inc.*, 213 F.3d 365 (7th Cir. 2000).

Submitted by Plaintiff

___ Withdrawn        ___ Given        ___ Given as Modified        ___ Refused

## INSTRUCTION NO. 9

The term "reasonable accommodation" means modification to or adjustment of the work environment, or to the manner or circumstances under which a job is customarily held or performed.  Required reasonable accommodation may include:

- Job restructuring;

- Part-time or modified work schedules;

- Reassignment to a vacant position; and

- Other similar accommodations for individuals with disabilities.

This list is not exhaustive, but is intended to provide general guidance about the reasonable accommodation concept.


Americans with Disabilities Act, 42 U.S.C. § 12111(9)

_American Fed'n of Gov't Employees, Local 41 v. Baker_, 677 F. Supp. 636, 43 FEP 1393 (N.D. Cal. 1987).


Submitted by Plaintiff

___ Withdrawn        ___ Given        ___ Given as Modified        ___ Refused

**INSTRUCTION NO. 10**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE.**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably than not true. This is a civil case, so the plaintiff is required to prove his case by a preponderance of the evidence. This means that the Plaintiff's or the Defendant's proof would be sufficient if "the scales tip, however slightly" in the favor of the party offering the evidence. You should base your decision on all of the evidence, regardless of which party presented it. Ninth Circuit Manual of Model Jury Instructions, Civil. 2001 West Group. See also, Ostrowski v. Atlantic Mutual Insurance Co., 968 F.2d 171, 186-87 (2d Cir. 1992)

**INSTRUCTION NO. 11**

In cases where a plaintiff does not have "smoking gun" evidence of disability discrimination, you may employ what is known as the "pretext framework" to evaluate circumstantial evidence in the case in order to determine whether or not the employer's stated reason for the discharge was in fact nothing more than a "ruse", or a pretext, for a discriminatory motivation based upon disability. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

## INSTRUCTION NO. 12

## PRETEXT INSTRUCTION

You may find that plaintiff's disability was a motivating factor in defendant's decision if it has been provide preponderance of the evidence that defendant's stated reasons for its decision are not the true reasons, but are a pretext to hide disability discrimination.  <u>Eighth Circuit Manual of Model Jury Instructions Civil, 2001 West Group</u>

## INSTRUCTION NO. 13

The key issue in an employment discrimination case is the employer's intent.  In a pretext case, the plaintiff must establish intent through a series of inferences. The framework is designed to ensure the plaintiff has enough evidence to construct the necessary chain of inferences.  <u>Marzano v. Computer Science Corp., Inc.</u>, 91 F. 3d 497, 508 (3d Cir. 1993).

## INSTRUCTION NO. 14

The plaintiff may establish a prima facie case of discrimination without actual proof of intent, and thereby shift the burden of persuasion to the defendant.  Flagg v. Control Data, 806 F. Supp. 1218 (E.D. Pa. 1992).  The Plaintiff may be awarded back pay from the date Defendant terminated him. Gallo v. John Powell Chevrolet, Inc., 779 F. Supp. 804 (M.D. Pa. 1991).

## INSTRUCTION NO. 15

The real question is why in fact did the employer take an adverse employment action against the Plaintiff; i.e., was this action based upon a legitimate, non-discriminatory reason, or was it motivated by a discriminatory intent?  <u>Marzano v. Computer Science Corp., Inc.</u>, 91 F. 3d 497, 509 (3d Cir. 1993).

**INSTRUCTION NO. 16**

Plaintiff contends that the reason given by the Defendant for terminating him is a mere pretext, intended to hide its true discriminatory motive. The plaintiff can establish pretext through two approaches:

a.   Provide evidence in addition to the prima facie case, either direct or circumstantial, to demonstrate that discrimination was more likely than not the real reason. Brewer v. Quaker State Oil Refining Corp., 72 F. 3d 326, 331 (3d Cir. 1995).

b.   Cast doubt on the employer's stated reason by identifying such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence. Brewer v. Quaker State Oil Refining Corp., 72 F. 3d 326, 331 (3d Cir. 1995); Fuentes v. Perskie, 32 F. 3d 759, 765 (3d Cir. 1994).

17

**INSTRUCTION NO. 17**

Your disbelief of the employer's stated reasons for failing to hire Plaintiff may justify an inference on your part that the reasons offered by the employer are merely pretextual, particularly if you suspect that the employer is being less than truthful.  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 2749, 1254 L. Ed. 2d 407 (1993).

**<u>INSTRUCTION NO. 18</u>**

You may infer discrimination from the mere disbelief of the employer's stated reasons for the discharge.  Upon such disbelief, no further evidence is necessary.  <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 113 S. Ct. 2742, 1254 L. Ed. 2d 407 (1993).

**INSTRUCTION NO. 19**

The purpose of the Americans with Disabilities Act is to eliminate employment discrimination against individuals with disabilities.  The Act makes it unlawful for an employer intentionally to discriminate against an employee because of the person's disability.  The Act also requires an employer to make reasonable accommodations to an employee's disability, so long as such accommodation does not impose an undue hardship on the operation of the business.

In this case, Plaintiff contends that he was unjustifiably terminated by Defendant because of his disability, after being harassed by the Defendant because of the sick leaves caused by his disability. The plaintiff further contends that with reasonable accommodation, he could have performed the essential functions of his job.

The Defendant denies that it unjustifiably terminated Plaintiff, and claims that Plaintiff was discharged for failing to comply with its performance standards. See Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12112

## INSTRUCTION NO. 20

While the issue is not whether the employer was wise, shrewd, prudent or competent, a decision which you find to be foolish, imprudent or incompetent by comparison to the employer's normal mode of operation can render it implausible, inconsistent, contradictory or weak.  <u>Fuentes v. Perskie</u>, 32 F. 3d 759, 765 n. 8 (3d Cir. 1994).

### <u>INSTRUCTION NO. 21</u>

If you find that the reason articulated by the Defendant for terminating the Plaintiff is false, then you are entitled to infer, but are not necessarily required to infer, that the Defendant's motivation was discriminatory. <u>Smith v. Borough of Wilkinsburg,</u> 147 F.3d 272 (3d Cir. 1998).

**INSTRUCTION NO. 22**

If a witness is shown knowingly to have testified falsely concerning any material matter you have a right to distrust such witness' testimony in any other particulars and you may reject all the testimony of that witness or give it such credibility as you think it deserves. Federal Jury Practice and Instructions: Civil and Criminal; <u>Bennun v. Rutgers State University,</u> 941 F.2d 154, 179 (2d Cir. 1991).

## <u>INSTRUCTION NO. 23</u>

If you decide for the plaintiff on the question of liability under the Americans with Disabilities Act, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of the defendants:

·    Past earnings and benefits

·    Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life.

You may also aware punitive damages if you find that the Defendant's conduct was undertaken with malice or with reckless indifference to the federally protected rights of the plaintiff.

Whether any of these elements of damages have been proved by the evidence is for you to determine.

## INSTRUCTION NO. 24

The measure of damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life is that damage plaintiff has experienced and is reasonably certain to experience in the future.

## <u>INSTRUCTION NO. 25</u>

If you find, when assessing plaintiff's Americans with Disabilities Act claim, that the Defendant's conduct was with malice or with reckless indifference to the federally protected rights of the Plaintiff, you may, in addition to any other damages to which you find the plaintiff entitled, award an amount which will serve to punish the defendant and to deter the defendant and others from similar conduct.

## INSTRUCTION NO. NO. 26

**DEFINITION OF MOTIVATING FACTOR**

If you find that the Defendant's articulated reason for terminating Plaintiff is itself not worthy of credence, then you must determine if that reason was being advanced as a pretext for disability motivated discrimination.  In viewing all of the evidence the burden is upon the Plaintiff to persuade you by a preponderance of the evidence that "a" reason for the decision was the disability of the Plaintiff. Disability must be a "determining factor", but Plaintiff need not prove that disability was "***the*** reason" or the sole reason for her not getting the job.

As used in these instructions, plaintiff's disability was a "motivating factor," if plaintiff's disability played a part or a role in the defendant's decision to terminate plaintiff.  However, plaintiff's disability need not have been the only reason for defendant's decision to terminate the Plaintiff.  Eighth Circuit Manual of Model Jury Instructions Civil, 2001 West Group; See also, Renz v. Grey Advertising, Inc., 135 F.3d 217, 222 (2d Cir. 1997); Cuddy v. Carmen, 694 F. 2d 853 (D.C. Cir. 1982); Golomb v. Prudential Ins. Co. of America, 688 F. 2d 547 (7th Cir. 1982); Perrell v. Financeamerica Corp., 726 F. 2d 654 (10th Cir. 1984); Farley v. Nationwide, 197 F. 3d 1322; Miller v. Cigna Corp., 47 F. 3d 586 (3rd Cir. 1995).

## **INSTRUCTION NO. 27**

In evaluating the justification which has been put forth by the Defendant with respect to its reasons for terminating the Plaintiff, you may examine the evidence to determine whether or not the record shows that the Plaintiff had been a good employee during the time of his employment, and, whether or not he had been performing his job in a satisfactory fashion prior to the date he was fired. If you find that the Plaintiff had in fact been performing his job in a proper fashion prior to his being terminated, you may use that evidence to conclude that Defendant's stated justification for terminating him is nothing more than a pretext for discrimination. Rhodes v. Guiberson Oil Tools, 75 F. 3d 989, 991 (5th Cir. 1996) (*en banc*).

**INSTRUCTION NO. 28**

If you find that the Plaintiff has been intentionally discriminated against by the Defendant, you must restore him to the economic position he would have been in but for the discrimination.  Mason v. Association for Independent Growth, 817 F. Supp. 550 (E.D. Pa. 1993).

**INSTRUCTION NO. 29**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instruction you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on plaintiff's disability discrimination claim you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

The reasonable value of wages, earnings, earning capacity, salaries,  employment, business opportunities, employment opportunities, lost to the present time;

The reasonable value of wages, earnings, earning capacity, salaries, employment. business opportunities, employment opportunities, which with reasonable probability will be lost in the future;

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.  Ninth Circuit Manual of Model Jury Instructions, Civil.  2001 West Group

**INSTRUCTION NO. 30**

In any discrimination case, the touchstone for awarding damages, if you find that the defendant is liable, is the requirement that the plaintiff be made whole for the losses he has sustained.  Rodriguez v. Taylor, 569 F. 2d 1231 (3d Cir. 1977); Maxfield v. Sinclair Int'l., 766 F. 2d 788, 795 (3d Cir. 1985), cert. denied, 474 U.S. 1057, 106 S. Ct. 796, 88 L. Ed. 2d 773 (1986).

## <u>INSTRUCTION NO. 31</u>

If you find that the Defendant has intentionally discriminated against the Plaintiff, and that the Defendant's conduct was willful, malicious and outrageous, you may also award the Plaintiff damages for mental anguish and humiliation.  <u>Cain v. Hyatt</u>, 734 F. Supp. 671 (E.D. Pa. 1990).

**INSTRUCTION NO. 32**

The Plaintiff has based his request for front pay upon his former earnings history.

He does not have to provide you with any expert testimony to establish his projected

earnings and to reduce those earnings to present value.  Maxfield v. Sinclair Intern., 766.

F. 2d 788, 797 (3d Cir. 1985); Paolella v. Browning-Ferris, Inc., 158 F.3d 183 (3rd Cir

1998); Xiao-yue Gu v. Hughes STX Corp., 2001 U.S. Dist Lexis 1058 (February 1, 2002,

D. Md.); Conway v. Hercules Corp, 831 F. Supp. 354 (Delaware 1993).

**INSTRUCTION NO. 33**

**DAMAGES COMPENSATORY – REDUCTION – MITIGATION**

If you find for the plaintiff on plaintiff's disability discrimination claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any loss of pay, wages, benefits you find was caused by the discriminatory act of the defendant. You should consider the following:

Back pay includes back wages, lost pay, and employee benefits, the plaintiff would have received from the date the defendant discharged plaintiff to the date of trial. You must deduct any wages or other earnings plaintiff received from other employment from the date the defendant discharged plaintiff to the date of trial. If the defendant proves by a preponderance of the evidence that plaintiff unjustifiably failed to take a new job of like kind, status, and pay which was available to plaintiff, or failed to make reasonable efforts to find a new job, you should subtract from these damages any amount plaintiff could have earned in a new job after the discharge. The plaintiff's damages also include front pay, that is, the loss of future wages, pay and employee benefits from the defendant. You must deduct from any front pay any wages or other earnings and employee benefits plaintiff would receive after the date of trial using reasonably mitigation efforts.  Ninth Circuit Manual of Model Jury Instructions, Civil.  2001 West Group

## INSTRUCTION NO. 34

In a disability discrimination case, a plaintiff's damages are "settled and complete", and the back pay period ends, when a plaintiff begins earning more at his new job than he did at the job from which he was fired.   Stephens v. C.I.T. Group/Equipment Financing, Inc., 955 F. 2d 1023 (5th Cir. 1992).

## <u>INSTRUCTION NO. 35</u>

As far as the assessment of any award of front pay is concerned, you must determine whether there will be pecuniary losses in the future attributable to Defendant's conduct, the extent and current evaluation of those losses.  <u>Levinson v. Prentice-Hall, Inc.</u>, 868 F. 2d 558 (3d Cir. 1989).

**INSTRUCTION NO. 36**

**DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Non-eConomic damages such as pain and suffering, mental anguish and emotional distress are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

Ninth Circuit Manual of Model Jury Instructions, Civil.  2001 West Group.

## INSTRUCTION NO. 37

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.  Ninth Circuit Manual of Model Jury Instructions, Civil.  2001 West Group

## INSTRUCTION NO. 38

### (Disability Discrimination Under ADA Claim)

If you have found in favor of Ken Vail on his claim for discrimination, then you must determine an amount that is fair compensation for the Plaintiff's damages. These damages are called compensatory damages. You may award such damages only for injuries that the Plaintiff proves were caused by the Defendant's allegedly wrongful conduct. The damages you award must be fair compensation, no more and no less. Compensatory damages may include damages for any pain and emotional suffering, mental anguish, inconvenience and/or loss of capacity for enjoyment of life that Plaintiff experienced. Compensatory damages are not allowed as punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered. You should award compensatory damages only if there is some specific discernable injury to Plaintiff's emotional state. Mere hurt, anger, and frustration are insufficient to warrant an award of compensatory damages. However, no evidence of the value of intangible things, such as mental or physical pain and suffering, needs to be introduced. You are not trying to determine the value but an amount that will fairly compensate Plaintiff for the damages he has suffered.

Please note that in calculating compensatory damages with respect to the ADA claim, you are not to include or consider any "back pay" (*i.e.*, the wages and other benefits that Plaintiff would have earned if the unlawful event that affected the employee's job-related compensation had not occurred) lost by the Plaintiff. The award of back pay, should you find the Defendant liable on the ADA claim, will be calculated and determined by the Court.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let

that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## INSTRUCTION NO.  39

### PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that the defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety and rights of others.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages. Ninth Circuit Manual of Model Jury Instructions, Civil.  2001 West Group

**INSTRUCTION NO.. 40**

**(Pennsylvania Human Relations Act Claim)**

If you find that the Defendant has intentionally discriminated against the Plaintiff, the Pennsylvania Supreme Court has held that legal and equitable relief available under the Pennsylvania Human Relations Act includes damages for humiliation and mental anguish resulting from unlawful discrimination.  Lubin v. American Packaging Corp., 760 F. Supp. 450, 452 (E.D. Pa. 1991).

**INSTRUCTION NO. 41**

**(Pennsylvania Human Relations Act Claim)**

Compensatory damages for emotional distress are available under the

Pennsylvania Human Rights Act.  Gallo v. John Powell Chevrolet, Inc., 779 F. Supp.

804, 816 (M.D. Pa. 1991).

**INSTRUCTION NO. 42**

As far as the assessment of any award of front pay is concerned, you must determine whether there will be pecuniary losses in the future attributable to Defendant's conduct, the extent and current evaluation of those losses.  Levinson v. Prentice-Hall, Inc., 868 F. 2d 558 (3rd Cir. 1989).

## INSTRUCTION NO. 43

A claimant's work and life expectancy are pertinent factors in calculating front pay, just as they are in assessing damages for future loss of earnings in breach of employment contract and personal jury cases.  The purpose of front pay under the anti-discrimination employment statutes is to ensure that a person who has been discriminated against on the basis of an illegal factor such as disability is made whole.  It is not to guarantee every claimant who cannot mitigate damages by finding comparable work an annuity to age 70.  Anastasio v. Schering Corp., 838 F. 2d 701 (3rd Cir. 1988).

## INSTRUCTION NO. 44

### Damages – Mitigation

The Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

   1.  that the Plaintiff filed to use reasonable efforts to mitigate damages; and

   2.  the amount by which damages would have been mitigated.  Ninth Circuit Manual of Model Jury Instructions, Civil. 2001 West Group.

## INSTRUCTION NO. 45

**Damages Arising in the Future – Discount to Present Cash Value**

Any award for future economic damages must be for the present cash value of those damages.

Non-economic damages such as pain and suffering, mental anguish and emotional distress are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.  <u>Ninth Circuit Manual of Model Jury Instructions, Civil.  2001 West Group</u>.

## PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTIONS, IN THE EVENT THE COURT DETERMINES THAT A MIXED MOTIVES CHARGE IS APPROPRIATE UNDER <u>DESERT PALACE, INC. V. COSTA</u>

Your inquiry is simply that of any civil case: whether the plaintiff's evidence is sufficient for a rational fact finder to conclude by a preponderance of the evidence that the employer violated the statute - that gender was a motivating factor for any employment practice.

<u>Costa v. Desert Palace, Inc.</u>, 299 F. 3d 838, 848 (9th Cir. Nev. 2002) *aff'd*, <u>Desert Palace, Inc. v. Costa</u>, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); <u>Rachid v. Jack in the Box, Inc.</u>, 376 F.3d 305 (5th Cir. 2004); <u>Stegall v. Citadel Broadcasting Company, et al.</u>, 2003 U.S. App. Lexis 24216 (9th Cir. 2003); <u>Dare v. Wal-Mart Stores, Inc.</u>, 267 F. Supp. 2d 987 (D. Minn. 2003); <u>Parker v. Columbia Pictures Industries</u>, 204 F. 3d 326, 336-337 (2nd Cir. 2000); <u>Shellenberger v. Summit Bancorp, Inc.</u>, 318 F. 3d 183 (3rd Cir. 2003); <u>Garrison v. Baker Hughes Oilfield Operations, Inc.</u>, 287 F. 3d 955, 965 (10th Cir. 2002); <u>Patten v. Wal-Mart Stores East, Inc.</u>, 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

An employee makes out a Title VII violation by showing discrimination "because of" gender. Such discrimination is characterized by the statute as "an unlawful employment practice."

<u>Costa v. Desert Palace, Inc.</u>, 299 F. 3d 838, 847 (9th Cir. Nev. 2002) *aff'd*, <u>Desert Palace, Inc. v. Costa</u>, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); <u>Stegall v. Citadel Broadcasting Company, et al.</u>, 2003 U.S. App. Lexis 24216 (9th Cir. 2003); <u>Dare v. Wal-Mart Stores, Inc.</u>, 267 F. Supp. 2d 987 (D. Minn. 2003); <u>Parker v. Columbia Pictures Industries</u>, 204 F. 3d 326, 336-337 (2nd Cir. 2000); <u>Shellenberger v. Summit Bancorp, Inc.</u>, 318 F. 3d 183 (3rd Cir. 2003); <u>Garrison v. Baker Hughes Oilfield Operations, Inc.</u>, 287 F. 3d 955, 965

(10th Cir. 2002);  Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir.

2002).


"An unlawful employment practice" encompasses any situation in which a protected
characteristic was "a motivating factor" in an employment action, even if there were
other motives.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 848 (9th Cir. Nev. 2002) *aff'd*, Desert Palace,

Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box,

Inc., 376 F.3  305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003

U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d

987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd

Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003);

Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002);

Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).


The plaintiff in a Title VII case may establish a violation through a preponderance of
evidence, whether direct or circumstantial, that a protected characteristic played a
motivating factor.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 853-54 (9th Cir. Nev. 2002) *aff'd*, Desert

Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the

Box, Inc., 376 F.3  305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al.,

2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp.

2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337

(2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003);

Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002);

Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 2(1st Cir. 2002).

You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's gender and also by other lawful reasons. If you find that the plaintiff's gender was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. However, if you find that the defendant's treatment of the plaintiff was motivated by both age/gender and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if the plaintiff's gender had played no role in the employment decision.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 858 (9th Cir. Nev. 2002) aff'd, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002);  Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).


If the employee succeeds in proving only that a protected characteristic was one of several factors motivating the employment action, an employer cannot avoid liability altogether, but instead may assert an affirmative defense to bar certain types of relief by showing the absence of "but for" causation.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 848 (9th Cir. Nev. 2002) aff'd, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

Employers may not escape liability for their discriminatory conduct simply by showing that there were other sufficient causes for the adverse action that was taken.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 850-51 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).


Where, as here, the defendant asserts that, even if you the jury determine that a discriminatory motive exists, the defendant would in any event have taken the adverse employment action for other reasons, it may take advantage of the "same decision" affirmative defense. The remedies will differ if the defendant prevails on that defense.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 857 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).


The employer's "same decision" evidence (meaning that it would have made the same decision even in the absence of any impermissible discriminatory factor) serves as an affirmative defense with respect to the scope of remedies, not as a defense to liability.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 850 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

Respectfully submitted,


    s/Donald P. Russo
DONALD P. RUSSO, ESQUIRE
117 East Broad Street
P.O. Box 1890
Bethlehem, PA 18016-1890
(610) 954-8093
Attorney I.D. #25873

## CERTIFICATE OF SERVICE

I, Donald P. Russo, hereby certify that on this date I served a true and correct copy of the within Plaintiff's Proposed Jury Instructions upon opposing counsel, via United States first class mail, postage pre-paid, addressed as follows:

Anthony B. Haller, Esquire
Julie E. Reid, Esquire
BLANK ROME, LLP
One Logan Square
Philadelphia, PA 19103

Dated: September 1, 2004          s/Donald P. Russo
                                   DONALD P. RUSSO, ESQUIRE
                                   Attorney for Plaintiff