IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH T. VAIL, | : | |
| | : | No. 02-CV-2933 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HARLEYSVILLE GROUP, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | Electronically Filed |

**DEFENDANT HARLEYSVILLE GROUP, INC.'S OBJECTIONS TO EVIDENCE
EXPECTED TO BE OFFERED BY PLAINTIFF KENNETH T. VAIL**

Pursuant to this Court's January 26, 2004 Jury Trial Attachment Order and based upon Plaintiff's Trial Memorandum and proposed trial exhibits, Defendant Harleysville Group, Inc. ("Harleysville"), by and through its undersigned counsel, hereby sets forth its objections to certain items of evidence expected to be offered by Plaintiff Kenneth T. Vail ("Vail") as evidence at trial.

    **A.**     **The Admissibility of Any Exhibit Based on Authenticity**

Harleysville presently does not have any objections on this basis.

    **B.**     **The Adequacy of the Qualifications of an Expert Witness Expected to Testify**

Vail has not identified any expert witness.

    **C.**     **The Admissibility For Any Reason (Except Relevancy) of Any Item of Evidence Expected to be Offered**

Harleysville's objections on this basis are briefly set forth below.

1. **An E-Mail Offered As An Exhibit Should Only Be Admissible If The Entire Chain Of Emails In The Series Is Admissible So That It Is Placed In Proper Context And To Avoid Any Confusion To The Jury.**

Pursuant to Federal Rule of Evidence 106, when a writing or recorded statement or part thereof is introduced by a party, the adverse party may require the introduction of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it. F.R.E. 106. Under this doctrine of "completeness," a second writing may be required to be introduced if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding. United States v. Soures, 736 F.2d 87, 91 (3d Cir. 1984); see also, Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171-172 (1988).

Vail listed several exhibits in his list of trial exhibits that comprise one email (i.e., email from Gary Weinstein to Kenneth Vail dated July 20, 2000), but those singular emails are only one email in a chain of related email correspondence on the same piece of paper. These include the following exhibits: Vail Exhibit Nos. 11, 13, 14, 16, 17, 19, 20, 25 and 28. Pursuant to Rule 106, if any of those exhibits are admitted into evidence at trial, they should be introduced in context of the related chain of emails in fairness to the jury (i.e., "series of emails between Gary Weinstein and Kenneth Vail dated July 20, 2000). The introduction of the full chain of related emails is necessary to help explain the admitted portion, place the admitted portion in context, and ensure a fair and impartial understanding by the jury. Otherwise, the emails introduced out of context with the rest of the chain of emails risk confusing and/or misleading the jury.

2. **No Evidence Regarding Entitlement To Front Pay Exists, And Therefore Any Attempt To Offer Evidence As To Front Pay Damages Should Not Be Allowed.**

The purpose of front pay is to compensate an individual who is found to have been the victim of discrimination and who has been unable, despite good faith efforts, to locate

120113.00201/21313469v1

comparable employment as of the date of trial by awarding that individual the difference between the compensation he would have received if he had not been discriminated against and his actual earnings for the period of time within which that individual can reasonably be expected to find a comparable job.  Blum v. Witco Chemical Corp., 829 F.2d 367 (3d Cir. 1987); Goss v. Exxon Office Systems Co., 747 F.2d 885 (3d Cir. 1984); Maxfield v. Sinclair, Int'l, 766 F.2d 788 (3d Cir. 1985).  As a plaintiff has a duty to mitigate damages, his new salary will be deducted from the old in calculating front pay to avoid a windfall award.  Blum, 829 F.2d at 374; Renau v. Wayne Griffin & Sons, Inc., 945 F.2d 869 (5th Cir. 1991); Anderson v. Conrail, 2000 U.S. Dist. LEXIS 15978 (E.D. Pa. 2000).  At Harleysville, Vail received a $3,000 signing bonus and compensation based on an $82,000 annual salary.[1]  However, as the evidence unambiguously shows that Vail secured a comparable, higher-paying position at St. Luke's Hospital and Health Network in February 2002 and continues to work there at present, Vail is not entitled to any front pay.[2]  Therefore, Vail should not be allowed to introduce any evidence regarding front pay entitlement.

---

[1] See Harleysville's Statement of Undisputed Material Facts No. 18 and Vail's "admitted" response (previously filed with this Court).

[2] Vail answered "admitted" to Harleysville's Statement of Undisputed Material Facts No. 116, which stated:

> On or about February 18, 2002, Vail commenced employment with St. Luke's Hospital and Health Network ("St. Luke's") as the Director, Risk Management with an annual base salary of $85,000, as well as various employment benefits, and in 2002, Vail earned in excess of $90,000 from his employment at St. Luke's.

Further, Harleysville Trial Exhibit No. 177 is a May 14, 2004 letter from Vail's counsel to counsel for Harleysville acknowledging that since Vail commenced employment at St. Luke's, he has earned more than he could have at Harleysville.

120113.00201/21313469v1

### 3. No Evidence Regarding Entitlement To Punitive Damages Exists, And Therefore Any Attempt To Offer Evidence As To Punitive Damages Should Not Be Allowed.

Punitive damages are allowable only where a plaintiff demonstrates that the defendant engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of the plaintiff. 42 U.S.C. § 1981a(b)(1). To be liable for punitive damages, an employer must at least discriminate in face of perceived risk that its actions will violate federal law; that is, a positive element of conscious wrongdoing is always required to award punitive damages. Kolstad v. American Dental Ass'n, 527 U.S. 526, 538 (1999). Further, an employer may not be held liable for punitive damages where decisions of its managerial agents are contrary to the employer's good faith efforts to comply with the law. Id. at 545. There is no evidence in this case to suggest that Harleysville maliciously or recklessly discriminated against Vail due to his injury. Further, Harleysville's legitimate treatment of Vail is consistent with its strong anti-discrimination policies and procedures and its good faith attempts to aid its employees. Therefore, no evidence of punitive damages should be allowed, nor should the jury be instructed on the issue of punitive damages.

### 4. As Vail Has No Colorable Argument With Respect to His Failure to Accommodate Claim, Any Evidence As to That Aspect of his ADA Claim Should be Excluded.

Pursuant to the ADA, an employer may need to provide a reasonable accommodation to a qualified individual with a disability to allow him to perform the essential functions of his job despite his physical limitations. 42 U.S.C. § 12112. It is often necessary for an employer to initiate an informal, interactive process with a qualified individual with a disability in need of the accommodation to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations. 29 C.F.R. Part 1630.2(o). Where the evidence establishes that the employer provided the requested accommodation(s),

there is no basis for a failure to accommodate claim.  Lawrence v. Nat'l Westminster Bank New Jersey, 98 F.3d 61, 69-70 (3d Cir. 1996).

Vail's failure to accommodate claim is inapposite.  First, Vail was not disabled as a matter of law and is not, therefore, entitled to any reasonable accommodation under the ADA.  Second, Harleysville provided Vail with the flexibility that he requested to enable him to work full-time from home during his recuperation from his injury.  Third, Vail's failure to accommodate claim appears to be related to a request to work part-time during a two-week family beach vacation.  It is not a reasonable accommodation under the law to work part-time hours while on vacation.  Further, Vail subsequently expressed his desire to work on a full-time basis.  Therefore, as there is no evidence to support Vail's failure to accommodate claim, the issue should not be before the jury.

    **D.**    **The Admissibility of Any Opinion Testimony from Lay Witnesses Pursuant to Federal Rule of Evidence 701**

Harleysville is not currently aware of any testimony of this nature being proffered by Vail.  Harleysville reserves the right to object at trial should Vail seek to elicit this kind of testimony.

For the foregoing reasons, Harleysville respectfully requests that the Court preclude Vail from offering the evidence as described above.

                    Respectfully submitted by:

                    BLANK ROME LLP

                    /s/ Anthony B. Haller
                    Anthony B, Haller, Esquire (PA 37017)
                    Julie E. Reid, Esquire (PA 89848)
                    One Logan Square
                    Philadelphia, PA 19103
                    (215) 569-5690
                    (215) 832-5690 (facsimile)

                    Attorneys for Defendant
                    Harleysville Group, Inc.

Dated: September 13, 2004

Case 2:02-cv-02933-JKG    Document 29    Filed 09/13/2004    Page 6 of 7

## CERTIFICATE OF SERVICE

    I hereby certify that on this date I filed Defendant Harleysville Group Inc.'s Objections to Evidence Expected to be Offered by Plaintiff Kenneth T. Vail electronically via the Court's Electronic Case Filing ("ECF") System, and the document is available for reviewing and downloading from the ECF System.  Additionally, I hereby certify that on the morning of September 14, 2004, I will serve via facsimile a true and correct copy of the foregoing document on Donald P. Russo, trial counsel for Vail, and on September 14, 2004, I will serve a true and correct copy of the foregoing document via first-class prepaid mail upon:

> Donald P. Russo, Esquire
> 117 East Broad Street
> P.O. Box 1890
> Bethlehem, PA  18016-1890
>
> Susan Hutnik, Esquire
> 720 Washington Street
> Easton, PA  18042
>
> Vanessa M. Nenni, Esquire
> 117 East Broad Street
> Bethlehem, PA  18018
>
> Mickey K. Thompson, Esquire
> Thompson Law Offices
> 115 East Broad Street
> Bethlehem, PA  18018

                                                       /s/ Anthony B. Haller
                                                       Anthony B. Haller

<u>Dated</u>:  September 13, 2004

120113.00201/21313469v1