**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KENNETH T. VAIL,                    :
                                    :  No. 02-CV-2933
       Plaintiff           :
                                    :
   v.                             :
                                    :
HARLEYSVILLE GROUP, INC.,           :
                                    :  JURY TRIAL DEMANDED
      Defendant           :  Electronically Filed


**<u>DEFENDANT'S COMPLETE SET OF PROPOSED JURY INSTRUCTIONS</u>**

     Pursuant to this Court's January 26, 2004 Jury Trial Attachment Order and following a telephone conference among counsel for both parties on Wednesday, September 15, 2004, Defendant Harleysville Group, Inc. hereby submits its proposed complete set of jury instructions, most of which have been agreed to by Plaintiff based on the September 15, 2004 telephone conference.  Since the parties utilized Defendant's proposed jury instructions as a template for submitting a joint agreed-upon set of instructions, which will be separately filed with the Court, Defendant herein files its supplemental instructions (Instructions Nos. 12, 13, 19, 22, 23) along with the agreed-upon instructions in order to avoid any confusion as to the proposed ordering of its supplemental instructions.  Any objections by Plaintiff as to particular supplemental instructions are specifically noted herein.

     Defendant had planned to file simultaneously a set of joint proposed jury instructions based upon the agreements reached on Wednesday, September 15, 2004.  These were sent to Plaintiff's counsel today for his final review and approval, but, despite efforts to contact him by letter (via facsimile) and phone, we have not heard back with a specific confirmation of his final approval of the joint set of instructions.  We do not anticipate any significant issues, but did not

think that we could properly submit the joint instructions electronically without specific approval from the Plaintiff.  We will submit them as soon as we have heard back from Plaintiff's counsel.

Harleysville reserves the right to propose modified or supplemental instructions depending upon the Court's legal rulings.

Respectfully submitted by:

BLANK ROME LLP

/s/ Anthony B. Haller_____
Anthony B, Haller, Esquire (PA 37017)
Julie E. Reid, Esquire (PA 89848)
One Logan Square
Philadelphia, PA 19103
(215) 569-5690
(215) 832-5690 (facsimile)

Attorneys for Defendant
Harleysville Group, Inc.

Dated:  September 20, 2004

120113.00201/21314898v1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.

Authority:     3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 103.12 (5th Ed. 2000).

Approved _____     Denied _____     Approved As Modified _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Authority:    3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 105.02 (5th Ed. 2000).


Approved _____        Denied _____        Approved As Modified _____

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3</u>

Plaintiff Vail has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If Plaintiff Vail should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for Defendant Harleysville as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority:    3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 104.01 (5th Ed. 2000).

Approved _____    Denied _____    Approved As Modified _____

120113.00201/21314898v1

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4</u>

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Authority:    3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 104.05 (5th Ed. 2000).

Approved _____        Denied _____        Approved As Modified _____

120113.00201/21314898v1

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5</u>

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.


Authority:     3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 104.20 (5th Ed. 2000).


Approved _____     Denied _____     Approved As Modified _____

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Authority:    3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 104.40 (5th Ed. 2000).

Approved _____    Denied _____    Approved As Modified _____

8

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

120113.00201/21314898v1

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:     3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 105.01 (5th Ed. 2000).

Approved _____     Denied _____     Approved As Modified _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority:     3 Kevin F. O'Malley et al, Federal Jury Practice and Instructions § 105.04 (5th Ed. 2000).

Approved _____      Denied _____      Approved As Modified _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

Under the Americans with Disabilities Act (ADA), it is unlawful for an employer to intentionally discriminate against a qualified individual with a disability because of that person's disability or because the employer regards the individual as disabled under the ADA.

In this case the plaintiff Vail claims that defendant Harleysville intentionally discriminated against plaintiff Vail because plaintiff Vail had a disability or defendant Harleysville regarded him as disabled.

Defendant Harleysville denies Vail's allegations and contends that plaintiff Vail was not disabled under the ADA, nor did defendant Harleysville regard Vail as disabled. Further, defendant Harleysville contends that plaintiff Vail's termination of employment was not in any way related to plaintiff Vail's medical condition. Rather, defendant Harleysville contends that plaintiff's termination was based upon performance issues and complaints received from plaintiff's staff members.

Authority:     Shaner v. Synthes (USA), 204 F.3d 494 (3d Cir. 2000).

Approved _____     Denied _____     Approved As Modified _____

120113.00201/21314898v1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

In this case, in order to prevail, plaintiff Vail must establish by a preponderance of the evidence that he is a disabled person under the ADA or that Harleysville regarded him as disabled under the ADA. If plaintiff Vail cannot prove that he is disabled under the ADA or that defendant Harleysville regarded him as disabled, you must find in favor of defendant Harleysville in this case.

Even if you conclude that plaintiff Vail is disabled or was regarded as disabled by Harleysville, plaintiff Vail still must further prove that defendant Harleysville intentionally discriminated against him and terminated his employment *because of* his disability or *because* defendant Harleysville regarded him as disabled.

If defendant states a legitimate non-discriminatory reason for plaintiff Vail's termination, plaintiff must prove by a preponderance of the evidence that the legitimate reason(s) offered by the defendant are a pretext for discrimination, or unworthy of belief. The burden of proving that the defendant intentionally discriminated against the plaintiff remains at all times on the plaintiff.

Authority:    Shaner v. Synthes (USA), 204 F.3d 494 (3d Cir. 2000).

Approved _____    Denied _____    Approved As Modified _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

In order to prove he is disabled under the ADA, plaintiff Vail has to prove that he is substantially limited in a major life activity. Plaintiff Vail contends that he is substantially limited on the major life activity of walking. To be "substantially limited" in the ability to walk, plaintiff Vail must prove that he is unable to walk, or significantly restricted as to the condition, manner or duration under which he can walk as compared to an average person, and that these substantial physical limitations were of a long-term or permanent, and not temporary, nature.

Plaintiff Vail contends that he sustained a shooting injury that limited him in his ability to walk. Defendant Harleysville contends that plaintiff Vail's injury was of limited duration and that, within a relatively short time, he was able to perform all of his daily life activities.

Authority:    29 C.F.R. Part 1630.2(j), <u>Toyota Motor Mfg., Kentucky, Inc. v. Williams</u>, 534 U.S. 184 (2002).

Approved _____    Denied _____    Approved As Modified _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

To be substantially limited in a major life activity under the ADA, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives, and the impairment's impacts must be permanent or long-term.  As a matter of law, a temporary, non-chronic impairment of limited duration does not constitute a disability under the ADA, even where the medical condition is severe.  An employee who returns to duties following a period of incapacity following surgery is not disabled because any limitations, during the period of incapacity, are not permanent, nor for an extended time as contemplated by the law.  A period of incapacity and leave of absence from work following surgery for a severe injury, coupled with minor restrictions upon return to work still constitutes only a temporary impairment, despite the seriousness of the injury and the long recuperation period, and is therefore not a disability under the ADA.  Even where a person walks slower and with less mobility than before, and where he cannot lift or move some household items, those restrictions are only moderate and not substantially limiting in the abilities to walk and lift.  In order to be substantially limited in a major life activity, a person must be considerably, or to a large degree, limited in performing tasks that are of central importance to most people's daily lives.

Authority:     29 C.F.R. Part 1630.2(j), Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184 (2002); McDonald v. Comm. of Penna., Dept. of Pub. Welfare, Polk Center, 62 F.3d 92 (3d Cir. 1995); Rinehimer v. Comcolift, Inc., 292 F.3d 375 (3d Cir. 2002); Pollard v. High's of Baltimore, Inc., 281 F.3d 462 (4th Cir. 2002); Yudkovitz v. Bell Atlantic Corp., 2004 U.S. Dist. LEXIS 1165 (E.D. Pa. January 12, 2004).

120113.00201/21314898v1

Approved _____     Denied _____     Approved As Modified _____

***PLAINTIFF OBJECTS TO THIS INSTRUCTION.***

120113.00201/21314898v1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

In order to prove that he is disabled, plaintiff Vail must prove that he was substantially limited in a major life activity.   In considering the evidence concerning plaintiff's claim that he was disabled and defendant's contention that he was not, I instruct you that you must take into account the fact that, after a relatively short period of incapacity, plaintiff Vail was able to walk with crutches or a cane.  As a matter of law, a person whose physical impairment is corrected by medication or other measures does not have an impairment that "substantially limits" a major life activity.  In other words, a person whose physical impairment is corrected by mitigating measures still has an impairment, but if the impairment is corrected, it does not "substantially limit" a major life activity.


Authority:      Sutton v. United Air Lines, Inc., 527 U. S. 471 (1999).


Approved _____      Denied _____      Approved As Modified _____


***PLAINTIFF OBJECTS TO THIS INSTRUCTION.***

17

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14</u>

To be substantially limited in the major life activity of working, a person must be significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.


Authority:      29 C.F.R. Part 1630.2(j(3).


Approved _____      Denied _____      Approved As Modified _____

18

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

If you conclude that plaintiff Vail is not disabled, then you must still consider his claim that defendant regarded him as disabled.  In order to recover under the ADA on this claim, plaintiff Vail has to prove by a preponderance of the evidence that defendant perceived that he was substantially limited in a major life activity.  This means that in order to find for the plaintiff, you must conclude that defendant believed he had a long-term permanent impairment. Under the definition of disabled that I gave you, you must conclude that defendant viewed plaintiff Vail as disabled under that definition.  If defendant's perception was that plaintiff Vail was able to resume his full responsibilities at work and perform all of his daily life activities, I instruct you as a matter of law that you cannot conclude that defendant regarded plaintiff Vail as disabled.


Authority:      29 C.F.R. Part 1630.2(l).


Approved _____      Denied _____      Approved As Modified _____

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16</u>**

The fact that plaintiff Vail submitted medical records to his physician and to defendant Harleysville on "Disability Record" forms does not mean, as a matter of law, that he was disabled or that defendant Harleysville regarded him as disabled. Whether a person has a disability or is regarded as disabled under the ADA is an individualized inquiry which must focus on the actual effects of that impairment on the life of the individual.

Authority:    29 C.F.R. Part 1630, App. <u>Sutton v. United Air Lines, Inc.</u>, 527 U. S. 471 (1999); <u>Toyota Motor Mfg., Kentucky, Inc. v. Williams</u>, 534 U.S. 184 (2002).

Approved _____    Denied _____    Approved As Modified _____

20

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

Even if you were to conclude that plaintiff Vail has proven that he was disabled or regarded as disabled, as I have defined for you, Plaintiff still must also must also prove that his termination was caused by purposeful and intentional discrimination. In order to meet his burden, plaintiff must establish defendant's decision to terminate him was based on his disability or defendant's perception that he was disabled. This means that plaintiff must prove that he would not have been discharged but for his disability. If you determine that plaintiff would have been discharged regardless of his disability or defendant's perception that plaintiff was disabled, then you must find for the defendant.

Authority:   Seman v. Coplay Cement Co., 26 F.3d 428 (3d Cir. 1994); R.G.H. v. Abbott Laboratories, 1995 WL 68830 (N.D. Ill. 1995); St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742 (1993); Shaner v. Synthes (USA), 204 F.3d 494 (3d Cir. 2000).

Approved _____      Denied _____      Approved As Modified _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability.

Defendant Harleysville may discharge or otherwise adversely affect an employee, including plaintiff Vail, for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of defendant Harleysville even though you personally may not approve of the action taken and [would] <u>might</u> have acted differently under the circumstances.

Authority:    3C Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 172.64

(2001).

Approved _____      Denied _____      Approved As Modified _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19**

You are instructed that at all times the ultimate burden of proof in this action remains with Plaintiff, and he must convince you by a preponderance of the evidence that he has been the victim of intentional disability discrimination. You are instructed to take into consideration the reason given by Defendant for the decision to discharge Plaintiff. Under the law, Defendant is not required to prove that the reason for its decision was a good reason, that it was justifiable, or that it was a reason with which you or Plaintiff would agree. Rather, Defendant is required only to state a legitimate, non-discriminatory reason for its decision.

I instruct you that you must accept this reason stated by Defendant as a legitimate, non-discriminatory reason which does not violate the law. You must therefore return a verdict in favor of Defendant unless Plaintiff has proven to you by a preponderance of the evidence that the reason given by the witnesses for Defendant was merely a pretext for disability discrimination.

In order to prove pretext, Plaintiff has to prove by a preponderance of the evidence that the Defendant's legitimate non-discriminatory reason contains such weaknesses, implausibilities, inconsistencies, incoherencies, or contractions that it is unworthy of credence, and thus, that the employer did not act for the reason it asserted. If you conclude only that defendant's reason was wrong or mistaken, then as a matter of law, you cannot conclude that Plaintiff met his burden of proving pretext.

Authority:    Seman v. Coplay Cement Co., 26 F.3d 428 (3d Cir. 1994); R.G.H. v. Abbott Laboratories, 1995 WL 68830 (N.D. Ill. 1995); St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742 (1993); Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509 (3d Cir. 1992); Hamilton v. Servistar Corp., 1995 WL 66706 (E.D. Pa. 1995); Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994).

23

Approved _____    Denied _____    Approved As Modified _____


*PLAINTIFF DOES NOT DISAGREE WITH THIS INSTRUCTION IN PRINCIPLE, BUT*
*OBJECTS BECAUSE HE BELIEVES THE COURT SHOULD INCORPORATE THE*
*LANGUAGE INTO A MIXED MOTIVES INSTRUCTION.*

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20</u>

You are instructed that an action which is wrongful or unfair does not become an act of disability discrimination merely because a person is disabled. In other words, the mere fact that Plaintiff might have had a disability and/or was regarded as disabled and was discharged is not sufficient in and of itself to establish a discriminatory motive or purpose on the part of Defendant. You must find that defendant purposely and intentionally discriminated against Plaintiff in order to return a verdict in favor of Plaintiff.

Authority:    <u>R.G.H. v. Abbott Laboratories</u>, 1995 WL 68830 (N.D. Ill. 1995); <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742 (1993).

Approved _____    Denied _____    Approved As Modified _____

120113.00201/21314898v1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

Defendant has the obligation to come forward with a non-discriminatory explanation for its actions, but does <u>not</u> have the burden of proving that it did not discriminate in its decision to discharge Plaintiff.  Rather, the ultimate burden of proving that disability was a determining factor in Defendant's decision to discharge Plaintiff remains at all times on Plaintiff.

Authority:    <u>Seman v. Coplay Cement Co.</u>, 26 F.3d 428 (3d Cir. 1994); <u>R.G.H. v. Abbott Laboratories</u>, 1995 WL 68830 (N.D. Ill. 1995); <u>St. Mary's Honor Center v. Hicks</u>, 113 S. Ct. 2742 (1993); <u>Ezold v. Wolf, Block, Schorr & Solis-Cohen</u>, 983 F.2d 509 (3d Cir. 1992); <u>Shaner v. Synthes (USA)</u>, 204 F.3d 494 (3d Cir. 2000).

Approved _____        Denied _____        Approved As Modified _____

120113.00201/21314898v1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22

It is not your responsibility in this case to determine whether Defendant had a good reason for terminating Plaintiff's employment or whether you agree with the decision reached by Defendant. You are only to determine whether Defendant terminated Plaintiff's employment because he was disabled or because it regarded him as disabled. Under the law, Defendant has the right to terminate an employee's services for a good reason, a bad reason, a reason based on erroneous facts or for no reason at all, so long as it does not discriminate. Therefore, even though you may disagree with the company policy on these matters or you feel that the company made a bad decision or you might have acted differently, or even if you feel that the Defendant acted unreasonably or unfairly, you must render a verdict in favor of Defendant unless you find the that reasons offered by Defendant for terminating Plaintiff's employment were merely a pretext for intentional discrimination.

Plaintiff cannot prove that Defendant's reason for its action was pretextual simply by asking you to <u>speculate</u> as to what motivated Defendant to discharge Plaintiff. To the contrary, Plaintiff must present concrete evidence from which it may be reasonable to draw the conclusion that Defendant intentionally discriminated against Plaintiff because he was disabled or because Defendant regarded Plaintiff as disabled. Defendant's knowledge of Plaintiff's medical condition alone cannot prove that its reason for Plaintiff's discharge was a pretext for discrimination.

Authority:    <u>R.G.H. v. Abbott Laboratories</u>, 1995 WL 68830 (N.D. Ill. 1995); <u>Ezold v. Wolf, Block, Schorr & Solis-Cohen</u>, 983 F.2d 509 (3d Cir. 1992); <u>Seman v. Coplay Cement Co.</u>, 26 F.3d 428 (3d Cir. 1994)

Approved _____     Denied _____     Approved As Modified _____

*PLAINTIFF DOES NOT DISAGREE WITH THIS INSTRUCTION IN PRINCIPLE, BUT OBJECTS BECAUSE HE BELIEVES THE COURT SHOULD INCORPORATE THE LANGUAGE INTO A MIXED MOTIVES INSTRUCTION.*

120113.00201/21314898v1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23**

In determining whether the reasons given for Defendant's decision to discharge Plaintiff were in fact a pretext for intentional discrimination, you are instructed that the reasons cannot be considered pretext so long as Defendant had an honest belief that the facts upon which it based its decision were true. I have already instructed you on the reasons stated by Defendant for its decision to discharge Plaintiff. It does not matter whether the reasons given by Defendant are objectively correct or incorrect. It does not matter whether or not you agree with Defendant's conclusion to terminate Plaintiff's employment. Therefore, if you conclude that Defendant's managers involved in the discharge decision honestly believed the facts upon which they based that decision were true, you must return a verdict in favor of Defendant even if you find they were mistaken in their beliefs.

Authority:    R.G.H. v. Abbott Laboratories, 1995 WL 68830 (N.D. Ill. 1995); Hicks v. Sears, Roebuck and Co., 503 F. Supp. 930 (E.D. Pa. 1980); Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509 (3d Cir. 1992).

Approved _____    Denied _____    Approved As Modified _____

***PLAINTIFF DOES NOT DISAGREE WITH THIS INSTRUCTION IN PRINCIPLE, BUT OBJECTS BECAUSE HE BELIEVES THE COURT SHOULD INCORPORATE THE LANGUAGE INTO A MIXED MOTIVES INSTRUCTION.***

29

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24

If you find in favor of Defendant, you will not need to go on to consider damages. Therefore, instructions on damages are given for your guidance in the event that you should find in favor of Plaintiff by a preponderance of the evidence in accordance with the other instructions. The fact that I will instruct you as to the proper measure of damages should not even be considered as suggesting that you should find in favor of Plaintiff. If you find in favor of Defendant on Plaintiff's claims, then you need not consider damages at all.

Approved _____    Denied _____    Approved As Modified _____

120113.00201/21314898v1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25

Damages must be reasonable.  If you should find that Plaintiff is entitled to a verdict in his favor, you may award him only such damages as will reasonably compensate him for such damages as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of Defendant's actions.  You are not permitted to award speculative damages.

Authority:     <u>Gunby v. Pennsylvania Elec. Co.</u>, 840 F.2d 1108 (3d Cir. 1988).

Approved _____      Denied _____      Approved As Modified _____

120113.00201/21314898v1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26

You are instructed that you may award Plaintiff compensatory damages on his ADA claim only if Plaintiff has proven, by a preponderance of the evidence, any emotional distress that he has suffered was causally linked to his discharge. If you find that plaintiff's emotional distress was caused by any event or circumstances other than his discharge, or that plaintiff did not suffer any emotional distress, then you may not award plaintiff compensatory damages.

In addition, you are instructed that plaintiff is not entitled to an award of compensatory damages in the absence of a showing of any actual injury supported by specific evidence of the injury. Therefore, unless you find that plaintiff has demonstrated that he has suffered emotional distress by specific evidence of the actual injury, you may not award plaintiff compensatory damages.

Authority:    Gunby v. Pennsylvania Elec. Co., 840 F.2d 1108 (3d Cir. 1988); Foster v. Atchison, Topeka and Santa Fe R.R. Co., 1990 WL 11062 (D. Kan. Jan. 11, 1990).

Approved _____        Denied _____        Approved As Modified _____

120113.00201/21314898v1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27

If you determine Defendant Harleysville discriminated against plaintiff Vail in terminating plaintiff's employment, then you must determine the amount of damages that defendant's actions have caused plaintiff Vail.

I have determined as a matter of law that Plaintiff has fully mitigated any back pay damages as of February 18, 2002, the date he commenced employment at St. Luke's Hospital & Health Network, because from that date forward, Vail has earned more money than he would have if he had been employed by Harleysville. Therefore, I instruct you that any award of back pay must only compensate plaintiff for any lost compensation or benefits from the date of his discharge from Harleysville on September 7, 2000 until he commenced employment at St. Luke's in February 18, 2002. You must reduce any back pay amount by any actual income during this period or any other form of compensation which he has received to cover lost wages and earnings for this period.

Authority:    42 U.S.C. § 12117; 42 U.S.C. § 2000e-5(g); Booker v. Taylor Milk Co., 64 F.3d 860 (3d Cir. 1995); Nordquist v. Uddeholm, 615 F. Supp. 1191 (D. Conn. 1985); Matthews v. A-1, Inc., 748 F.2d 975 (5th Cir. 1984).

Approved _____    Denied _____    Approved As Modified _____

120113.00201/21314898v1

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28</u>

The purpose of front pay is to compensate an individual who is found to have been the victim of discrimination and who has been unable, despite good faith efforts, to locate comparable employment as of the date of trial by awarding that individual the difference between the compensation she would have received if she had not been discriminated against and her actual earnings for the period of time within which that individual can reasonably be expected to find a comparable job. As plaintiff secured a comparable, higher-paying position at St. Luke's Hospital and Health Network in early 2002 and continues to work there today, you are instructed that plaintiff is not entitled to any award of front pay.


Authority:    <u>Blum v. Witco Chemical Corp.</u>, 829 F.2d 367 (3d Cir. 1987); <u>Renau v. Wayne Griffin & Sons, Inc.</u>, 945 F.2d 869 (5th Cir. 1991); <u>Anderson v. Conrail</u>, 2000 U.S. Dist. LEXIS 15978 (E.D. Pa. 2000); <u>Goss v. Exxon Office Systems Co.</u>, 747 F.2d 885 (3d Cir. 1984); <u>Maxfield v. Sinclair, Int'l</u>, 766 F.2d 788 (3d Cir. 1985).


Approved _____    Denied _____    Approved As Modified _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority:    3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 106.01 (5th Ed. 2000).

Approved _____    Denied _____    Approved As Modified _____

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30**

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.  A form of special verdict has been prepared for your convenience.  You will take this form to the jury room.

Authority:     3 Kevin F. O'Malley et al, Federal Jury Practice and Instructions § 106.05 (5th Ed. 2000).

Approved _____     Denied _____     Approved As Modified _____

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

Authority:     3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 106.07 (5th Ed. 2000).

Approved _____     Denied _____     Approved As Modified _____

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to me – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Authority:     3 Kevin F. O'Malley et al, <u>Federal Jury Practice and Instructions</u> § 106.08 (5th Ed. 2000).

Approved _____     Denied _____     Approved As Modified _____

## CERTIFICATE OF SERVICE

I certify that on this date, I filed the foregoing Defendant's Complete Set of Proposed Jury Instructions electronically with the Court via the Court's Electronic Case Filing ("ECF") System, and the document is available for viewing and downloading from the ECF System. Also, I certify that on the morning of September 21, 2004, I will serve via facsimile a true and correct copy of the foregoing document on Donald P. Russo, trial counsel for Vail, and on September 21, 2004, I will serve a true and correct copy of the foregoing document via first-class prepaid mail upon:

Donald P. Russo, Esquire
117 East Broad Street
P.O. Box 1890
Bethlehem, PA  18016-1890

Susan Hutnik, Esquire
720 Washington Street
Easton, PA  18042

Vanessa M. Nenni, Esquire
117 East Broad Street
Bethlehem, PA  18018

Mickey K. Thompson, Esquire
Thompson Law Offices
115 East Broad Street
Bethlehem, PA  18018


/s/ Anthony B. Haller
Anthony B. Haller

Dated:  September 20, 2004