IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH VAIL | : | |
| | : | NO. 02-CV-2933 |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| HARLEYSVILLE GROUP, INC. | : | |
| | : | |
| **Defendant.** | : | |

Plaintiff Ken Vail, by and through his undersigned counsel, hereby submits the following Supplemental Jury Instructions, upon which counsel for the parties have not been able to reach an agreement:

**PLAINTIFF'S SUPPLEMENTAL PROPOSED POINT**
<u>**FOR CHARGE NO. 1 - PUNITIVE DAMAGES**</u>

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety and rights of others.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.  <u>Ninth Circuit Manual of Model Jury Instructions, Civil.  2001 West Group</u>

## PLAINTIFF'S SUPPLEMENTAL PROPOSED POINT FOR CHARGE NO. 2
### (Pennsylvania Human Relations Act Claim)

If you find that the Defendant has intentionally discriminated against the Plaintiff, the Pennsylvania Supreme Court has held that legal and equitable relief available under the Pennsylvania Human Relations Act includes damages for humiliation and mental anguish resulting from unlawful discrimination.  Lubin v. American Packaging Corp., 760 F. Supp. 450, 452 (E.D. Pa. 1991).

## **PLAINTIFF'S SUPPLEMENTAL PROPOSED POINT FOR CHARGE NO. 3**
### **(Pennsylvania Human Relations Act Claim)**

Compensatory damages for emotional distress are available under the Pennsylvania Human Rights Act. <u>Gallo v. John Powell Chevrolet, Inc.</u>, 779 F. Supp. 804, 816 (M.D. Pa. 1991).

# PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS NO. 4, PURSUANT TO A MIXED MOTIVES CHARGE UNDER DESERT PALACE, INC. V. COSTA

- Your inquiry is simply that of any civil case: whether the plaintiff's evidence is sufficient for a rational fact finder to conclude by a preponderance of the evidence that the employer violated the statute - that gender was a motivating factor for any employment practice.

  Costa v. Desert Palace, Inc., 299 F. 3d 838, 848 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

- An employee makes out a Title VII violation by showing discrimination "because of" gender. Such discrimination is characterized by the statute as "an unlawful employment practice."

  Costa v. Desert Palace, Inc., 299 F. 3d 838, 847 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

- "An unlawful employment practice" encompasses any situation in which a protected characteristic was "a motivating factor" in an employment action, even if there were other motives.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 848 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

- The plaintiff in a Title VII case may establish a violation through a preponderance of evidence, whether direct or circumstantial, that a protected characteristic played a motivating factor.

    Costa v. Desert Palace, Inc., 299 F. 3d 838, 853-54 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 2(1st Cir. 2002).

- You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's gender and also by other lawful reasons. If you find that the plaintiff's gender was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. However, if you find that the defendant's treatment of the plaintiff was motivated by both age/gender and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if the plaintiff's gender had played no role in the employment decision.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 858 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

- If the employee succeeds in proving only that a protected characteristic was one of several factors motivating the employment action, an employer cannot avoid liability altogether, but instead may assert an affirmative defense to bar certain types of relief by showing the absence of "but for" causation.

    Costa v. Desert Palace, Inc., 299 F. 3d 838, 848 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

- Employers may not escape liability for their discriminatory conduct simply by showing that there were other sufficient causes for the adverse action that was taken.

    Costa v. Desert Palace, Inc., 299 F. 3d 838, 850-51 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216

(9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

- Where, as here, the defendant asserts that, even if you the jury determine that a discriminatory motive exists, the defendant would in any event have taken the adverse employment action for other reasons, it may take advantage of the "same decision" affirmative defense. The remedies will differ if the defendant prevails on that defense.

    Costa v. Desert Palace, Inc., 299 F. 3d 838, 857 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

- The employer's "same decision" evidence (meaning that it would have made the same decision even in the absence of any impermissible discriminatory factor) serves as an affirmative defense with respect to the scope of remedies, not as a defense to liability.

    Costa v. Desert Palace, Inc., 299 F. 3d 838, 850 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit

Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

                    Respectfully submitted,

                    ____/s/Donald P. Russo_____
                    DONALD P. RUSSO, ESQUIRE
                    Attorney for Plaintiff
                    117 East Broad Street
                    P.O. Box 1890
                    Bethlehem, PA 18016-1890

## CERTIFICATE OF SERVICE

I, Donald P. Russo, hereby certify that on this date I served a true and correct copy of the within Plaintiff's Supplementary Proposed Jury Instructions upon opposing counsel, via United States first class mail, postage pre-paid, addressed as follows:

Anthony Haller, Esquire<br>
Julie Reid, Esquire<br>
BLANK ROME<br>
One Logan Square<br>
18th & Cherry Streets<br>
Philadelphia, PA 19103<br>
(215) 569-5555

Date: ___September 21, 2004_____        ___/s/Donald P. Russo_____
                                        DONALD P. RUSSO, ESQUIRE
                                        Attorney for Plaintiff