IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH T. VAIL,          ) | |
|                           ) | Civil Action |
|            Plaintiff      ) | No. 2002-CV-02933 |
|                           ) | |
|     vs.                   ) | |
|                           ) | |
| HARLEYSVILLE GROUP, INC., ) | |
|                           ) | |
|            Defendant      ) | |

O R D E R

NOW, this 21st day of September, 2004, upon consideration of Defendant Harleysville Group, Inc.'s Motion for Summary Judgment filed July 15, 2004; upon consideration of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment filed July 29, 2004; upon consideration of the pleadings, record papers, exhibits, affidavits and depositions submitted by the parties; upon consideration of defendant's request for oral argument,

IT IS ORDERED that defendant's request for oral argument is denied.[1]

IT IS ORDERED that defendant's motion for summary

---

[1] Rule 7.1(f) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides: "Any interested party may request oral argument on a motion. The Court may require oral argument, whether or not requested by a party. The Court may dispose of a motion without oral argument." Local R.Civ.P. 7.1(f).

In this case, after review of the briefs and exhibits, we conclude that there are numerous genuine issues of material fact which preclude entry of summary judgment on behalf of defendant. Accordingly, we conclude in the exercise of our discretion that oral argument is unnecessary to further the issues presented herein. Thus, we deny defendant's request for oral argument and decide the within motion on the record presented.

judgment is denied.[2]

BY THE COURT:

_____
James Knoll Gardner
United States District Judge

---

[2]   In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 433 (3d Cir. 2003).  Only facts that may affect the outcome of a case are "material".  Moreover, all reasonable inferences from the record are drawn in favor of the non-movant.  Anderson, supra.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof.  See Watson v. Eastman Kodak Company, 235 F.3d 851, 858 (3d Cir. 2000).  A plaintiff cannot avert summary judgment with speculation or by resting on the allegations in his pleadings, but rather must present competent evidence from which a jury could reasonably find in his favor.  Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F. Supp. 179, 184 (E.D. Pa. 1995).

This is an action for discrimination brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 to 12213.  In his Amended Complaint, plaintiff avers that he was hired by defendant on March 27, 2000 as a Loss Control Manager for the Mid-Atlantic Region.  Plaintiff contends that he was terminated by defendant on September 7, 2000.  On June 2, 2000 plaintiff was accidently shot in the right hip, shattering his right femur and breaking his pelvis.  Plaintiff underwent two operations.  As a result of the accident, plaintiff was out of work until June 19, 2000 when he began working from home.  However, plaintiff contends that defendant did not provide him with the assistance and materials needed to work from home.  On July 15, 2000 defendant began criticizing plaintiff's performance.  As noted above, plaintiff was terminated on September 7, 2000.

A review of the record in this matter, in the light most favorable to plaintiff as the non-moving party, as we are required to do, reveals that there are genuine issues of fact, which preclude entry of summary judgment on behalf of defendants.  These genuine issues of fact include, but are not necessarily limited to: (1) the reason for plaintiff's termination; (2) whether plaintiff was actually disabled or "regarded as disabled" by defendant; (3) whether defendant offered plaintiff reasonable accommodations; and (4) whether defendant engaged in an interactive process regarding reasonable accommodations for plaintiff.  All of these issues, are material disputes to plaintiff's claim for discrimination under the ADA.  Thus, we deny defendants' Motion for Summary Judgment on these claims.