IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH T. VAIL, | : | |
| | : | No. 02-CV-2933 |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HARLEYSVILLE GROUP, INC., | : | |
| | : | JURY TRIAL DEMANDED |
|     Defendant | : | Electronically Filed |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

Pursuant to this Court's January 26, 2004 Jury Trial Attachment Order, Defendant Harleysville Group, Inc. ("Harleysville"), by and through its undersigned counsel, hereby sets forth its objections to Plaintiff's proposed supplemental jury instructions filed with this Court on September 21, 2004.  Harleysville reserves the right to propose modified or supplemental instructions depending upon the Court's legal rulings.

**I.   OBJECTION TO PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 1 – PUNITIVE DAMAGES**

    **A.   Text of Plaintiff's Proposed Supplemental Jury Instruction No. 1**

> **PLAINTIFF'S SUPPLEMENTAL PROPOSED POINT
> FOR CHARGE NO. 1 – PUNITIVE DAMAGES**
>
> If you find for the plaintiff, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.
>
> The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that the defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under

1

> the circumstances, it reflects complete indifference to the safety and rights of others.
>
> If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages. <u>Ninth Circuit Manual of Model Jury Instructions. Civil. 2001 West Group</u>

**B.     Defendant's Objection to Plaintiff's Proposed Supplemental Jury Instruction No. 1**

Punitive damages are allowable only where a plaintiff demonstrates that the defendant engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of the plaintiff. 42 U.S.C. § 1981a(b)(1). To be liable for punitive damages, an employer must, at the very least, discriminate in the face of perceived risk that its actions will violate federal law; that is, a positive element of conscious wrongdoing is always required to award punitive damages. <u>Kolstad v. American Dental Ass'n</u>, 527 U.S. 526, 538 (1999). <u>See also</u>, <u>Kelly v. Lehigh Northampton Airport Authority</u>, No. 02-7660, 2004 U.S. Dist. LEXIS 7096, *27-28 (E.D. Pa. March 31, 2004) (holding that punitive damages are not available when the facts do not demonstrate a blatant disregard for a plaintiff's federal rights); <u>Alexander v. Riga</u>, 208 F. 3d 419 (3d Cir. 2000), <u>cert. denied</u>, 531 U.S. 1069 (2001) (punitive damages awarded because plaintiff presented evidence that the defendant lied about the availability of apartments for African-Americans and refused to return their calls, while at the same time providing preferential treatment to similarly situated white applicants). Further, an employer may not be held liable for punitive damages where decisions of its managerial

agents are contrary to the employer's good faith efforts to comply with the law. Kolstad, 527 U.S. at 545.

There is no evidence in this case to suggest that Harleysville maliciously or recklessly discriminated against Vail due to his injury. To the contrary, the undisputed evidence shows that Harleysville went out of its way to assist Plaintiff with his return to work. Specifically, Harleysville granted Plaintiff's requests to work from home temporarily with a flexible schedule, and paid him his full salary even though he temporarily could not perform 30% of his tasks. At all times, both before and after his injury, Harleysville counseled Plaintiff about his performance problems and reminded him of the need to improve in order to maintain his employment. The fact that he did not improve and was an ineffective manager had nothing to do with his injury or any disability. Unlike the Alexander case, there is absolutely no evidence in this case to support an award of punitive damages.

Further, punitive damages may not be imputed vicariously when an employer makes good faith attempts to comply with the law. Shramban v. AETNA et. al., 262 F. Supp 2d 531, 539 (2003) (*citing* Kolstad) (Court dismissed punitive damages claim because record was void of any evidence that the company acted without good faith); see also, Lapenta v. City of Philadelphia, *et. al*., No. 03-CV-518, 2004 U.S. Dist. LEXIS 14308*17 (E.D. Pa. July 20, 2004) (holding that the City could not be liable for punitive damages because it acted in good faith by establishing and distributing an anti-harassment policy and conducting sexual harassment training). In this case, Harleysville's legitimate treatment of Vail is consistent with its strong anti-discrimination policies and procedures and its good faith attempts to aid its employees. Therefore, because Plaintiff cannot establish as a matter of law any entitlement to punitive damages, the jury should not be instructed on the issue.

Harleysville reserves the right to submit an alterative instruction if the Court concludes that it is appropriate to instruct the jury on the issue of punitive damages.

II. **OBJECTION TO PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 2 – RELIEF UNDER PENNSYLVANIA HUMAN RELATIONS ACT**

    A.    **Text of Plaintiff's Proposed Supplemental Jury Instruction No. 2**

**PLAINTIFF'S SUPPLEMENTAL PROPOSED POINT FOR CHARGE NO. 2**

**(Pennsylvania Human Relations Act Claim)**

If you find that the Defendant has intentionally discriminated against the Plaintiff, the Pennsylvania Supreme Court has held that legal and equitable relief available under the Pennsylvania Human Relations Act includes damages for humiliation and mental anguish resulting from unlawful discrimination. Lubin v. American Packaging Corp., 760 F. Supp. 450, 452 (E.D. Pa. 1991).

    B.    **Defendant's Objection to Plaintiff's Proposed Supplemental Jury Instruction No. 2**

As Plaintiff's Amended Complaint in this action, filed with the Court on or around June 21, 2004, alleges a claim under the Americans with Disabilities Act only, and not the Pennsylvania Human Relations Act, the jury should not be instructed about relief cognizable under the Pennsylvania Human Relations Act.

III. **OBJECTION TO PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 3 – RELIEF UNDER PENNSYLVANIA HUMAN RELATIONS ACT**

    A.    **Text of Plaintiff's Proposed Supplemental Jury Instruction No. 3**

**PLAINTIFF'S SUPPLEMENTAL PROPOSED POINT FOR CHARGE NO. 3**

**(Pennsylvania Human Relations Act Claim)**

>   Compensatory damages for emotional distress are available under the Pennsylvania Human Rights Act.  Gallo v. John Powell Chevrolet, Inc., 779 F. Supp. 804, 816 (M.D. Pa. 1991).

   B.   **Defendant's Objection to Plaintiff's Proposed Supplemental Jury Instruction No. 3**

As Plaintiff's Amended Complaint in this action, filed with the Court on or around June 21, 2004, alleges a claim under the Americans with Disabilities Act only, and not the Pennsylvania Human Relations Act, the jury should not be instructed about relief cognizable under the Pennsylvania Human Relations Act.

IV.   **OBJECTION TO PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 4 – MIXED MOTIVE INSTRUCTION**

   A.   **Text of Plaintiff's Proposed Supplemental Jury Instruction No. 4**

>   **PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS NO. 4,
>   PURSUANT TO A MIXED MOTIVES CHARGE UNDER
>   DESERT PALACE. INC. V. COSTA**
>
>   Your inquiry is simply that of any civil case:  whether the plaintiff's evidence is sufficient for a rational fact finder to conclude by a preponderance of the evidence that the employer violated the statute – that gender was a motivating factor for any employment practice.
>
>   Costa v. Desert Palace, Inc., 299 F. 3d 838, 848 (9th Cir. Nev. 2002) *aff'd,* Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp. Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).
>
>   An employee makes out a Title VII violation by showing discrimination "because of" gender.  Such discrimination is characterized by the statute as "an unlawful employment practice."

5

Costa v. Desert Palace, Inc., 299 F. 3d 838, 847 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Stegall v. Citadel Broadcasting Company. et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations. Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

"An unlawful employment practice" encompasses any situation in which a protected characteristic was "a motivating factor" in an employment action, even if there were other motives.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 848 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East. Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

The plaintiff in a Title VII case may establish a violation through a preponderance of evidence, whether direct or circumstantial, that a protected characteristic played a motivating factor.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 853-54 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 2(1st Cir. 2002).

You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's gender and also by other lawful reasons. If you find that the plaintiff's gender was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.

However, if you find that the defendant's treatment of the plaintiff was motivated by both age/gender and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if the plaintiff's gender had played no role in the employment decision.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 858 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

If the employee succeeds in proving only that a protected characteristic was one of several factors motivating the employment action, an employer cannot avoid liability altogether, but instead may assert an affirmative defense to bar certain types of relief by showing the absence of "but for" causation.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 848 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd Cir. 2003); Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F. 3d 955, 965 (10th Cir. 2002); Patten v. Wal-Mart Stores East, Inc., 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

Employers may not escape liability for their discriminatory conduct simply by showing that there were other sufficient causes for the adverse action that was taken.

Costa v. Desert Palace, Inc., 299 F. 3d 838, 850-51 (9th Cir. Nev. 2002) *aff'd*, Desert Palace, Inc. v. Costa, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); Rachid v. Jack in the Box, Inc., 376 F.3 305 (5th Cir. 2004); Stegall v. Citadel Broadcasting Company, et al., 2003 U.S. App. Lexis 24216 (9th Cir. 2003); Dare v. Wal-Mart Stores, Inc., 267 F. Supp. 2d 987 (D. Minn. 2003); Parker v. Columbia Pictures Industries, 204 F. 3d 326, 336-337 (2nd Cir. 2000); Shellenberger v. Summit Bancorp, Inc., 318 F. 3d 183 (3rd

Cir. 2003); <u>Garrison v. Baker Hughes Oilfield Operations, Inc.</u>, 287 F. 3d 955, 965 (10th Cir. 2002); <u>Patten v. Wal-Mart Stores East, Inc.</u>, 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

Where, as here, the defendant asserts that, even if you the jury determine that a discriminatory motive exists, the defendant would in any event have taken the adverse employment action for other reasons, it may take advantage of the "same decision" affirmative defense. The remedies will differ if the defendant prevails on that defense.

<u>Costa v. Desert Palace, Inc.</u>, 299 F. 3d 838, 857 (9th Cir. Nev. 2002) *aff'd*, <u>Desert Palace, Inc. v. Costa</u>, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); <u>Rachid v. Jack in the Box, Inc.</u>, 376 F.3d 305 (5th Cir. 2004); <u>Stegall v. Citadel Broadcasting Company, et al.</u>, 2003 U.S. App. Lexis 24216 (9th Cir. 2003); <u>Dare v. Wal-Mart Stores, Inc.</u>, 267 F. Supp. 2d 987 (D. Minn. 2003); <u>Parker v. Columbia Pictures Industries</u>, 204 F. 3d 326, 336-337 (2nd Cir. 2000); <u>Shellenberger v. Summit Bancorp, Inc.</u>, 318 F. 3d 183 (3rd Cir. 2003); <u>Garrison v. Baker Hughes Oilfield Operations, Inc.</u>, 287 F. 3d 955, 965 (10th Cir. 2002); <u>Patten v. Wal-Mart Stores East, Inc.</u>, 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

The employer's "same decision" evidence (meaning that it would have made the same decision even in the absence of any impermissible discriminatory factor) serves as an affirmative defense with respect to the scope of remedies, not as a defense to liability.

<u>Costa v. Desert Palace, Inc.</u>, 299 F. 3d 838, 850 (9th Cir. Nev. 2002) *aff'd*, <u>Desert Palace, Inc. v. Costa</u>, 2003 U.S. LEXIS 4422 (U.S. June 9, 2003); <u>Rachid v. Jack in the Box, Inc.</u>, 376 F.3 305 (5th Cir. 2004); <u>Stegall v. Citadel Broadcasting Company, et al.</u>, 2003 U.S. App. Lexis 24216 (9th Cir. 2003); <u>Dare v. Wal-Mart Stores, Inc.</u>, 267 F. Supp. 2d 987 (D. Minn. 2003); <u>Parker v. Columbia Pictures Industries</u>, 204 F. 3d 326, 336-337 (2nd Cir. 2000); <u>Shellenberger v. Summit Bancorp, Inc.</u>, 318 F. 3d 183 (3rd Cir. 2003); <u>Garrison v. Baker Hughes Oilfield Operations, Inc.</u>, 287 F. 3d 955, 965 (10th Cir. 2002); <u>Patten v. Wal-Mart Stores East, Inc.</u>, 300 F. 3d 21, 25 n. 2 (1st Cir. 2002).

### B. Defendant's Objection to Plaintiff's Proposed Supplemental Jury Instruction No. 4

Harleysville objects to Plaintiff's proposed jury instruction because it is not applicable to this case, as this is not a gender discrimination case under Title VII. Even if the instruction was amended to apply to the present case, it is not in an appropriate form of a jury instruction.

Furthermore, a mixed motive instruction is not appropriate because this is not a mixed motive case. Based upon the evidence in the record, and considering all of the facts in Plaintiff's favor, there is no direct or circumstantial evidence to suggest that Harleysville's employment decision was motivated by anything other than a legitimate non-discriminatory reason. As Plaintiff has demonstrated no evidence that links his termination to his alleged disability, there is no basis to conclude that Harleysville's employment decision was motivated by legitimate and illegitimate reasons. Thus, the Court should not provide a "mixed motive" instruction to the jury as Plaintiff requests.

Relying on the standard set forth in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), Plaintiff mistakenly asserts that he is entitled to a mixed motive jury instruction. Such an instruction, however, is inapplicable to this case. Although *Desert Palace* modified the type of evidence which a plaintiff must present in order to proceed with a mixed motive theory for one's case, it did not completely eviscerate the applicability of the single-motive instruction and the *McDonnell-Douglas*, three-step, burden shifting method of proof. See Raytheon Company v. Hernandez, 540 U.S. 44 (2003) (applying *McDonnell-Douglas* burden shifting framework following Desert Palace decision in an ADA case); Lloyd v. City of Bethlehem, No. 02-CV-00830, 2004 U. S. Dist. LEXIS 3639, *13-14 (E.D. Pa., March 4, 2004) (acknowledging that the *McDonnell Douglas* standard is still applicable.; Herwawi v. Alabama Dept' of Forensic

Scientists, 311 F. Supp 2d 1335, 1345-46 (M.D. Ala. 2004) (same); Gallimore v. Newman Machine Co., Inc., 301 F. Supp. 2d 431, 440-441 (M.D. N.C. 2004) (applying pretext-only standard of proof in an ADA case where plaintiff had indirect evidence of alleged discrimination); Winter v. Bank of America, N.A. No. 3:02-CV-1591-L, 2003 U.S. Dist. LEXIS 24790, *8-9 (N.D. Tex. Dec. 12, 2003) (stating that *Desert Palace* did not abrogate pretext analysis). In cases such as this one, when there is absolutely *no* evidence of mixed motives playing a role in the adverse employment action, a mixed motive jury charge is inappropriate. Walden v. Saint Gobain Corporation, 323 F. Supp 2d 637, 644 (E.D. Pa. 2004) (concluding that a plaintiff in a Title VII case could not prevail under a mixed motive analysis because there was insufficient direct or other evidence at the summary judgment stage from which a jury could discern an inference that race was a motivating factor in the employment decision).

Plaintiff has neither alleged in his Complaint nor has he come forward with any direct evidence that his alleged disability was taken into account by Harleysville. Instead, Plaintiff has plead and asserted a circumstantial case based only upon Harleysville's mistaken reference to his termination in a form severance letter as a reduction in force, and his testimony that he was never fully briefed about the staff complaints nor offered a formal written performance improvement plan to address his continuing and escalating performance problems. There is *no* evidence of any statements, comments, conduct or any other evidence that could lead a reasonable fact finder to believe that Plaintiff's alleged disability was taken into consideration by Harleysville.

Therefore, Plaintiff must prove that Harleysville's proffered reason for his termination was not the real reason. Accordingly, this case can only be a pretext case, and allowing the jury to decide this case pursuant to a mixed motive instruction is inappropriate.

10

Harleysville reserves the right to submit an alternative instruction if the Court concludes that it is appropriate to instruct the jury pursuant to a mixed motive instruction.

## V.     CONCLUSION

For the foregoing reasons, Harleysville respectfully requests that the Court deny Plaintiff's proposed supplemental jury instructions.

Respectfully submitted by:

BLANK ROME LLP

/s/ Anthony B. Haller
Anthony B, Haller, Esquire (PA 37017)
Julie E. Reid, Esquire (PA 89848)
One Logan Square
Philadelphia, PA 19103
(215) 569-5690
(215) 832-5690 (facsimile)

Attorneys for Defendant
Harleysville Group, Inc.

Dated:  September 27, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I filed Defendant's Objections to Plaintiff's Proposed Supplemental Jury Instructions electronically via the Court's Electronic Case Filing ("ECF") System, and the document is available for reviewing and downloading from the ECF System. Additionally, I hereby certify that on the morning of September 28, 2004, I will fax the document to Donald P. Russo, lead trial counsel for Vail, and on September 28, 2004, I will serve a true and correct copy of the foregoing document via first-class prepaid mail upon:

> Donald P. Russo, Esquire
> 117 East Broad Street
> P.O. Box 1890
> Bethlehem, PA  18016-1890
>
> Susan Hutnik, Esquire
> 720 Washington Street
> Easton, PA  18042
>
> Vanessa M. Nenni, Esquire
> 117 East Broad Street
> Bethlehem, PA  18018
>
> Mickey K. Thompson, Esquire
> Thompson Law Offices
> 115 East Broad Street
> Bethlehem, PA  18018

                          /s/ Anthony B. Haller
                          Anthony B. Haller

Dated:  September 27, 2004

120113.00201/21315901v2