IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH T. VAIL, | : | |
| | : | No. 02-CV-2933 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HARLEYSVILLE GROUP, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | Electronically Filed |

### DEFENDANT'S WRITTEN SUMMARY OF CASE

Pursuant to this Court's January 26, 2004 Jury Trial Attachment Order, Defendant Harleysville Group, Inc. ("Harleysville") hereby submits its written summary of its contentions regarding the facts and theories concerning liability and damages.

Following a re-organization, Harleysville hired Vail to fill one of four newly created Loss Control Regional Manager positions.  His job was to build and manage a team of employees and to perform a variety of critical administrative tasks such as quality reviews and vendor reports.  From early on, Vail's performance was substandard.  His manager, Gary Weinstein ("Weinstein"), voiced concerns about work not getting done and, as early as May 1, 2000, set these concerns out in writing.

On June 2, 2000, Vail was shot in the leg while attending a National Tactical Invitational event.  This injury required surgery.  After a brief period in the hospital, Vail began recuperating and receiving physical therapy at home.  The prognosis for full recovery was good.  Within two weeks, Vail requested permission to start working full-time from home because he was temporarily limited in driving.  Harleysville granted that request.  By August 21, 2000, Vail was able to return to the office and resume his driving-related responsibilities.  Other than using a crutch or a cane to help him walk, he was able as of September 1, 2000 to perform all of his daily life activities.  His therapy records show him getting progressively fitter, walking, jogging, biking, and sprinting.  There is no evidence of any substantial,

1

long term or permanent limitation on his physical abilities.  As Vail was not substantially limited in any major life activity, Vail is not an individual with a disability under the law, nor is there any evidence to suggest that Harleysville regard him as disabled.

Vail's performance did not improve when he returned to work from his injury.  Despite being relieved of a large portion of his driving-related responsibilities as an accommodation to his temporary limitation, Vail failed to submit timely quality reviews and vendor reports, leading to complaints from underwriters.  In an ever-increasing level of frustration, Weinstein counseled him about the lack of progress and told him explicitly that his future depended on immediate improvement.  This did not occur.  When Vail's staff learned he was to resume field duties, they approached Weinstein to complain about his management style.  At a meeting held on August 31, 2000 at the end of an off-site seminar, Harleysville received a stream of complaints about Vail from his staff.  Against the backdrop of his performance issues, Harleysville decided to terminate Vail's employment on September 7, 2000.  The company did not experience similar problems with any of the other three new Regional Loss Control Managers.

Since Vail obtained a position at St. Luke's Hospital and Health Network in February 2002, he has earned a higher salary than he would have earned at Harleysville, thereby ending any potential liability for back pay and front pay.  Additionally, in January 2003, Vail recovered a $385,000 settlement in a lawsuit he brought against the individual who shot him, which covered Vail's lost wages.  Also, as there is no evidence in this case that Harleysville consciously engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the Vail's federally protected rights, or acted in a manner other than a good faith attempt to comply with the law, Vail should not be entitled to any punitive damages.

                                        Respectfully submitted by:

                                        BLANK ROME LLP

                                        <u>/s/ Anthony B. Haller</u>
                                        Anthony B, Haller, Esquire (PA 37017)
                                        Julie E. Reid, Esquire (PA 89848)
                                        One Logan Square
                                        Philadelphia, PA 19103
                                        (215) 569-5690
                                        (215) 832-5690 (facsimile)

                                        Attorneys for Defendant
Dated: September 27, 2004           Harleysville Group, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I filed Defendant's Written Summary of Case electronically via the Court's Electronic Case Filing ("ECF") System, and the document is available for reviewing and downloading from the ECF System.  Additionally, I hereby certify that on the morning of September 28, 2004, I will fax a copy of the foregoing document to Donald P. Russo, lead trial counsel for Plaintiff, and on September 28, 2004, I will serve a true and correct copy of the foregoing document via first-class prepaid mail upon:

>Donald P. Russo, Esquire
>117 East Broad Street
>P.O. Box 1890
>Bethlehem, PA  18016-1890
>
>Susan Hutnik, Esquire
>720 Washington Street
>Easton, PA  18042
>
>Vanessa M. Nenni, Esquire
>117 East Broad Street
>Bethlehem, PA  18018
>
>Mickey K. Thompson, Esquire
>Thompson Law Offices
>115 East Broad Street
>Bethlehem, PA  18018

>/s/ Anthony B. Haller
>Anthony B. Haller

<u>Dated</u>:  September 27, 2004